JOHNSON v. STEBBINS.

A complaint for libel was as follows: *Bartholomew* Circuit Court. The plaintiff, *J.*, says, that at the time of the publication of the libelous article hereinafter set forth, he was postmaster at *Taylorsville, Indiana*, and with his family resided in the house in which the post-office was kept by him; the defendant, *S.*, on the 18th of *January*, 1854, published in a newspaper called, &c., of and concerning the plaintiff, as postmaster aforesaid, and of and concerning the plaintiff, as proprietor and occupant of said house in which the post-office was kept as aforesaid, the following false and malicious libel, to-wit: "Some one writing from *Taylorsville, Indiana*, gives us the particulars of an affray that came off at that place recently, in which pistols were discharged, but fortunately no one was injured. The writer further says, that the house in which the post-office is kept, is of such a low character, that a decent lady dare not enter. We know nothing of the matter, save by the representations of our correspondent; but should his statement prove true, it is high time the post-office was in the hands of others." Whereby the plaintiff says he has sustained damage to the amount of, &c., for which he claims judgment, &c.

*Held*, that the declaration was sufficient in point of form.

*Held*, also, that the matter contained in the publication was libelous.

The defendant's answer contained three paragraphs. 1. A general denial of the complaint, with an averment that the publication was true. 2. The second, by way of justification, set up and described an affray corresponding with that in the publication; alleged that the plaintiff kept a grocery in which intoxicating drinks were sold by retail, and that by reason thereof, disorderly and drunken persons, who made noises and disturbances, were kept in and about said house; and that the plaintiff permitted them to gamble therein for money and spirits; wherefore, &c. 3. The third paragraph admitted that the defendant was the publisher of said paper, and alleged that before the publication of said article he received a letter containing the statements made therein, which he believed to be true, and published without malice, for public information, and to correct the improper practices in said house. That the complaint contained no cause of action, because the statement contained no libel.

*Held*, that the general denial in the first paragraph was in conformity with the code of 1852.

*Held*, also, that the averment in that paragraph that the publication was true, was mere surplusage, and might have been stricken out on motion.

*Held*, also, that the second paragraph set up a sufficient justification.

*Held*, also, that the third paragraph neither answered nor mitigated the charge in the complaint.

Under the new system of pleading a demurrer only reaches to the particular pleading demurred to, and the Court can not search through the pleadings for the first error, unless for the purpose of examining the jurisdiction of the Court.

To sustain an action for libel, it is not necessary that the words should be libelous. Any publication that tends to degrade, disgrace, or injure the

character of a person, or bring him into contempt, hatred, or ridicule, is as much a libel as though it contained charges of infamy or crime.

In actions for libel, the answer in justification must specifically point out the acts of which the plaintiff was guilty, in order that the Court may see whether the defendant was justified in what he published.

Nov. Term, 1854.

———

JOHNSON
v.
STEBBINS.

APPEAL from the *Bartholomew* Circuit Court.

*Wednesday, November 29.*

HOVEY, J.—On the third of *February*, 1854, *Johnson* filed his complaint against ·*Stebbins* for libel, which reads as follows:

"*Bartholomew* Circuit Court. The plaintiff, *Benajah Johnson*, says, that at the time of the publication of the libelous article hereinafter set forth, he was postmaster at *Taylorsville, Indiana*, and with his family resided in the house in which the post-office was kept by him; the defendant, *Columbus Stebbins*, on the 18th of *January*, 1854, published in a newspaper, called '*The Spirit of the West*,' of and concerning the plaintiff, as postmaster aforesaid, and of and concerning the plaintiff, as proprietor and occupant of said house in which the post-office was kept as aforesaid, the following false and malicious libel, to-wit:

"'Some one writing to us from *Taylorsville, Indiana*, gives us the particulars of an affray that came off at that place recently, in which pistols were discharged, but fortunately no one was injured. The writer further says that the house in which the post-office is kept, is of such a low character, that a decent lady dare not enter. We know nothing of the matter, save by the representations of our correspondent; but should his statement prove true, it is high time that the post-office was in the hands of others.'

"Whereby the plaintiff says he has sustained damage to the amount of 5,000 dollars, for which he claims judgment, &c."

The defendant filed an answer containing three paragraphs:

The first is a general denial of the complaint, with an averment that the publication is true.

The second is in justification, and sets up and describes an affray, corresponding to that in the publication; alleges that the plaintiff kept a grocery in which intoxicating

drinks were sold by retail, and that by reason thereof disorderly and drunken persons, who made noises and disturbances, were kept in and about said house; and that the plaintiff permitted them to gamble therein for money and spirits; wherefore, &c.

The third admits that the defendant was the publisher of said paper, and says that before the publication of said article, he received a letter containing the statements made therein, which he believed to be true, and published them without malice, for public information, and to correct the improper practices in said house. That the complaint contains no cause of action, because the statement contains no libel.

The plaintiff demurred to the answer, and assigned the following causes:

To the first paragraph. "The justification is insufficient, as the charge therein does not touch the charge in the libelous article, and does not reach the plaintiff."

To the second, that the keeping of such a house as therein mentioned, would not justify the publication of the article.

To the third, that the fact that the publication was made upon the authority of the letter, can not justify the defendant.

The Court, upon argument, sustained the demurrer as to the complaint, and gave judgment for the defendant; whereupon the plaintiff appealed to this Court.

Although the complaint would have been wholly insufficient as a declaration for libel at common law, yet as it substantially complies with the new system of pleading, no objection as to its form can be sustained. 2 R. S., s. 86, p. 45.—*Id.* Form 18, p. 346.—*Fry* v. *Bennett*, 1 Code Rep. N. S. 238. The question as to whether the matter contained in the publication is libelous, can scarcely admit of a doubt. It is not necessary that the words should be *slanderous*, to sustain an action for libel. Any publication that tends to degrade, disgrace, or injure the character of a person, or bring him into contempt, hatred, or ridicule, is as much a libel as though it contained charges of infamy or

crime. *Dexter* v. *Spear*, 4 Mason 115.— *The Commonwealth* v. *Clapp*, 4 Mass. 163, 168.— *Steele* v. *Southwick*, 9 Johns. 214.— *Cooper* v. *Greeley*, 1 Denio 347.— *White* v. *Nicholls*, 3 Howard (U. S.) 266.—*Armentrout* v. *Moranda*, 8 Blackf. 426.

The meaning of the article published in this case, so far as it relates to the plaintiff, imputes to him degradation and want of moral character, and, if untrue, would tend to injure and disgrace him. Such must have been the meaning entertained by the writer; for in conclusion he says, "should this statement prove true, it is high time the post-office was in the hands of others."

The first paragraph of the answer contains a general denial. Such a denial is in conformity with the code, 2 R. S., s. 66, p. 42, and is unobjectionable, as it puts every material allegation of the complaint in issue. The latter part of this paragraph, containing the general averment that the publication is true, is merely surplusage, and might have been stricken out on motion of the plaintiff. 2 R. S., s. 77, p. 44.

In actions for libel, the answer in justification must specifically point out those acts of which the plaintiff was guilty, in order that the Court may see whether the defendant was justified in what he published Torrey v. Field, 10 Vt. 353.— Fidler v. Delavan, 20 Wend. 57.—Stowe v. Converse, 4 Conn. 17.

The second paragraph, in justification, is somewhat loosely drawn, but two kinds of illegal practices are set forth with sufficient accuracy, under the new system of pleading, to make out a justification of the charge in the publication. The individual or officer who sells spirituous liquors to drunken men, and permits them to make noises and disturbances about his house, and also permits that house to be used for gaming, can not have much reason to complain if the character of the house should be called low—"so low, that a decent lady dare not enter."

The third paragraph neither answers nor mitigates the charge made in the complaint. The publication of a libel is actionable, though the defendant had the libelous statement from another, and gave the name of the author in

the publication.   *Clarkson* v. *Mc Carty*, 5 Blackf. 574.— *Crane* v. *Douglass*, 2 *id.* 195, and note 2.

The office and character of demurrers, under our new system of pleading, remain to be considered.   The demurrer was filed to the answer, and the Court, in conformity with the common law, searched all of the pleadings for error, decided the complaint insufficient, and gave judgment for the defendant.

The solution of this question requires the construction of the following sections of the 2 R. S., pp. 38, 39 and 42:

" SEC. 50.   The defendant may demur to the complaint when it appears upon the face thereof, either,

" First.   That the Court has no jurisdiction of the person of the defendant, or the subject of the action; or,

" Second.   That the plaintiff has not legal capacity to sue; or,

" Third.   That there is another action pending between the same parties for the same cause; or,

" Fourth.   That there is a defect of parties, plaintiff or defendant; or,

" Fifth.   That the complaint does not state facts sufficient to constitute a cause of action; or,

" Sixth.   That several causes of action have been improperly united.

" And for no other cause shall a demurrer be sustained; and, unless the demurrer shall distinctly specify and number the grounds of objection to the complaint, it shall be overruled.

" SEC. 54.   When any of the matters enumerated in section fifty do not appear upon the face of the complaint, the objection (except for misjoinder of causes,) may be taken by answer.   *If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the Court over the subject of the action.*

" SEC. 64.   Where the facts stated in the answer are not sufficient to constitute a cause of defence, the plaintiff may demur to one or more of several defences, under the same rules and regulations as heretofore prescribed for demurring

to the complaint. *Unless the objection be taken by demurrer, it shall be deemed to be waived.*"

The object of the general assembly, in enacting these, with other sections, was to simplify the rules and practice of pleading. The greatest admirers of special pleading will not deny that that system tended, in many cases, to great injustice in practice. Artful pleaders would plead to defective declarations, and throw out sham pleas for demurrers. If the circuit judge, in the haste with which business is necessarily done in such Courts, did not perceive the trick, and the plaintiff proved successful, he was sure to find his case, in a year or two, returning from this Court reversed, with a heavy bill of costs attending it.

To prevent this practice of injustice and circumvention, these sections were enacted. They lay down the broad rule, that unless the objection is specifically pointed out, it shall be deemed to be waived by the pleader. The defendant, having answered the complaint, waived the right of insisting on demurrable defects, and the Court should not have examined the complaint under the demurrer to the answer.

We are aware that some difficulty may arise in practice under these sections, but the language is so plain and unambiguous that there is no room left for construction. Much misapprehension, in this state, has no doubt originated from the fact that these sections are copied from the *New-York* code; and their Courts have seemed to intimate that demurrers to answers may reach back to the complaint. The sections upon which their decisions are based, and from which our 54th section is taken, read—

" SEC. 147. When any of the matters enumerated in section 144 [144 corresponds to our 50] do not appear upon the face of the complaint, the objection may be taken by answer.

" SEC. 148. If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the Court, *and the objection that the complaint does not state facts sufficient to constitute a cause of action.*"

By condensing these sections, and omitting the last clause in italics, we have section 54 of our statutes, as above quoted.

The cases of *Durkee* v. *The Saratoga and Washington Railroad Company*, 4 Howard Pr. R. 226, *Fry* v. *Bennett*, 1 Code R., N. S., 238, *Schwart* v. *Furniss, id.* 342 (see note † of the reporter), all turned upon the clause not embraced in our section; and we think the doctrine clearly inferable from these decisions is, that under our sections on pleading, the demurrers can not reach back through the pleadings, unless it be for the purpose of attacking the jurisdiction of the Court. The demurrers should have been overruled as to the first and second paragraphs, and sustained as to the third.

The Court having disregarded the answers, it would be unjust to conclude the plaintiff by taking them as confessed, and barring his action. He should have had the opportunity, upon the overruling of his demurrers, of filing replications to the paragraphs; and as that privilege was denied him in the Court below, the judgment must be reversed.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to permit the parties to perfect the issues in fact, in accordance with this opinion.

*W. Herod* and *S. Stansifer*, for the appellant.

*J. G. Marshall*, for the appellee.