Nov. Term,
1855.

FREEMAN
v.
ROBINSON.

FREEMAN *v.* ROBINSON.

A demurrer to a reply, under the code of 1852, will extend to the complaint, for the purpose of attacking the jurisdiction of the Court, but not to call in question the sufficiency of the cause of action, or for any other purpose.

A marshal of the *United States* who has a person under arrest as a fugitive from labor, has no authority, by virtue of his office, to assault him and strip him naked and expose his naked limbs to persons who are witnesses against him, nor by fraud, threats or duress to extort money from him.

For such trespasses the marshal (no action having been given in the federal Courts for such injuries) may be made amenable in the state Courts.

In cases of concurrent authority, where the laws of the state and of the *Union* are in direct and manifest collision on the same subject, those of the *Union*, being the supreme law of the land, are of paramount authority, and the state laws, so far, but so far only, as such incompatibility exists, must yield.

The words "public officer," in section 29, p. 34, 2 R. S. 1852, were intended to apply to the officers of the state only, and not to those of the *United States*.

APPEAL from the *Marion* Circuit Court.

GOOKINS, J.—*Freeman* brought an action against *Robinson*, and complained that the defendant, at the county of *Marion*, on, &c., being marshal of the *United States* for the district of *Indiana*, by virtue of his office having the plaintiff in custody upon a charge of being a fugitive from service and labor, did, by virtue of his office, assault the plaintiff, and strip him naked, and expose his naked limbs and body to divers persons who were witnesses against the plaintiff, and thereby purposely intended to and did expose the plaintiff to be carried into slavery for life by fraud and perjury.

*Friday,
December* 21.

The second paragraph charges the defendant with having, at said county, by virtue of his said office, by fraud, threats and duress, extorted from the plaintiff illegally 3 dollars per day for the space of sixty days.

The third paragraph charges the defendant, at said county, with having illegally and wrongfully imprisoned the plaintiff for the term of eighty days, refusing ample security and bail which the plaintiff offered to the defendant, for his temporary enlargement, until a time to which the hearing of the cause was postponed.

The defendant answered, denying the jurisdiction of the

VOL. VII.—21

*Marion* Circuit Court, because, at the time of the commencement of the suit, he was, and from thence had been, and still was, a resident of the county of *Rush.* The answer was verified.

To this answer the plaintiff demurred. The demurrer was overruled, and he was ordered to reply.

The plaintiff replied that the defendant, as *United States* marshal for said district, had him in custody on a charge of being a fugitive slave, and that he so exercised the right of custody that by virtue of his office he did the acts complained of.

The defendant demurred to the reply, whereupon the Circuit Court gave final judgment for the defendant. *Freeman* prosecutes this appeal.

Two questions have been fully discussed by the parties: 1. Whether the *Marion* Circuit Court had jurisdiction of the subject matter of the action; 2. Whether that Court had jurisdiction of the person of the defendant.

On the first point, the appellee's position is, that the attempt to maintain this action by the state Courts, would involve a conflict between the state and federal authorities. The question arises on a demurrer to the reply, which, although it does not search the record for any other purpose, extends to the complaint for the purpose of attacking the jurisdiction of the Court over the subject. 2 R. S., p. 39, s. 54.—*Johnson* v. *Stebbins*, 5 Ind. R. 364. This demurrer does not call in question the sufficiency of the cause of action as stated in the complaint. That question could only be reached by a demurrer to the complaint itself. *Johnson* v. *Stebbins, supra.* It stands admitted, upon the record, therefore, that the acts complained of were done, but that the defendant in doing them was acting in the official character of marshal of the *United States* for the district of *Indiana.*

Can the action be maintained in a state Court? We think it can. The acts complained of were done by the defendant while he had the plaintiff in his custody, under the provisions of the fugitive slave law. That act authorized the defendant to arrest the plaintiff, and to hold him

in custody, until the claimant's right should be tried before the commissioner who issued the warrant for his arrest. The assault and battery, and the extorting of money were no part of his official duty, under that or any other act, and were unlawful. We perceive no conflict between any provision of the fugitive slave law, and the common law right to maintain an action for a personal injury. It is said that *Congress* has the exclusive power of legislation over the return of fugitive slaves. That is true. *Prigg* v. *The Commonwealth of Pennsylvania*, 16 Pet. 539.— *Graves* v. *The State*, 1 Ind. R. 368. Nor has *Indiana* attempted, of late, to legislate in reference to them. But the objection does not meet the case. Congress might, no doubt, have given an action in the federal Courts against an officer of the general government, for a personal injury done under color of office; but we are not informed that it has been done. No act of congress giving such a remedy has been pointed out, and if there is none, on the appellee's hypothesis no action at all could be maintained for such an injury.

FREEMAN
v.
ROBINSON.

There is a clearly marked line of decisions, by the Supreme Court of the *United States*, which may be stated in the language of Mr. Justice *Story*, in *Houston* v. *Moore*, 5 Wheat. 1, "that in cases of concurrent authority, where the laws of the state and of the *Union* are in direct and manifest collision on the same subject, those of the *Union* being the supreme law of the land, are of paramount authority, and the state laws so far, and so far only, as such incompatibility exists, must necessarily yield." To the same purport are the cases of *Sturges* v. *Crowninshield*, 4 Wheat. 122; *Slocum* v. *Mayberry*, 2 id. 1; *Thurlow* v. *Massachusetts*, 5 How. 504; and several others. As congress has not legislated on the subject of this action, we do not see that it is possible there should be any conflict between federal and state authorities.

On the question of jurisdiction of the person, we have the following statutory provisions. Section 33, p. 34, 2 R. S. 1852, contains a general provision that actions shall be commenced in the county where the defendants, or one

Nov. Term, 1855.

of them has his usual place of residence. The 29th section, p. 34, contains exceptions to the general rule. It provides that certain actions must be commenced in the county where the cause or some part thereof arose, among which are the following, to-wit: "Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command, or in his aid, shall do anything touching the duties of such officer."

A majority of the Court hold that the words "public officer," in the above provision, were intended to apply to officers of the state only, and not to those of the *United States.*

*Per Curiam.*—The judgment is affirmed with costs.

*J. L. Ketcham, L. Barbour* and *J. Coburn,* for the appellant.

*R. W. Thompson, J. A. Liston* and *I. Blackford,* for the appellee.