———o———

## McEwen and Another *v.* Hussey and Another.

Practice.—The original complaint is superseded by the amended complaint, and the latter must contain copies of the writings sued on.

Same—Demurrer.—Demurrer to the answer reaches back to the complaint, but a defect of parties can not be reached in that way; that objection can only be made by demurrer to the complaint.

APPEAL from the *Sullivan* Common Pleas.

Frazer, J.—Complaint to foreclose a mortgage. It is alleged that the mortgage was made to a third party, to secure a note to him, and that the note and mortgage have been assigned to the plaintiff; but neither the note, mortgage, nor assignment are exhibited as the statute positively requires. An original complaint did purport to have copies of these instruments annexed to and made parts of it. But that complaint was superseded by an amended complaint, and is therefore not a part of the

record.   2 G. & H. 273.   (See *Holdridge* v. *Sweet*, p. 118.) We can not look at it, though it is improperly, with a number of other papers, copied into the transcript.   The amended complaint has no such copies.

The questions made by the appellants, as to the nature of the assignment and the proper parties, are therefore not before us, and we are not disposed to volunteer any opinion upon them.   If the plaintiffs shall choose to take the risks, and the defendants shall hereafter bring the case before us in a shape presenting those questions, we will then pass upon them.

Demurrers were sustained to answers of the appellants, and this ruling presents the only question in the record. The appellants do not urge that their answers were good, but they insist that the complaint was bad, and that the demurrers should have been carried back to it.   This is true.   The complaint is bad for a failure to show copies of the instruments upon which the suit was founded; but a defect of parties can not be reached in that way.   That objection can only be reached by a demurrer to the complaint.   2 G. & H. 81, sec. 54.

The judgment is reversed, with costs; cause remanded, with instructions to set aside the proceedings subsequent to the filing of the answers, and to permit the plaintiffs to amend their complaint.

*M. M. Ray* and *S. R. Hamill*, for appellants.

*N. Usher*, for appellees.