## MENIFEE *v.* CLARK.

PRINCIPAL AND SURETY.—*Discharge of Surety.*—To discharge a surety on account of indulgence granted to the principal, the indulgence must be for a definite period of time, and foundèd upon a new consideration. There must be a new contract concluded between the creditor and the principal debtor, by which the hands of the former are tied for a definite period of time from suing the latter.

SAME.—*Consideration.*—*Agreement to Extend Time.*—Where A. and B. had been partners, and B. made a note to A., with C. as his surety, in a suit upon the note by an assignee of A., C. answered *that when the note became due, and before the assignment to the plaintiff, and without his knowledge or consent, it was agreed between A. and B. that in consideration that B. should apply certain money in his hands to the payment of outstanding partnership debts of A. and B., the time of the payment of the note of B. to A. should be extended.*

*Held,* that the agreement to apply the money in the hands of B. to the payment of the partnership debts of A. and B. was a sufficient consideration to support an agreement to extend the time of payment of the note; and a reply, that it was agreed between A. and B., at the time of the dissolution of the partnership, that B. should pay the debts, will not show the absence or want of consideration.

PLEADING.—*Demurrer.*—On a demurrer to a reply, the plaintiff may attack the answer, or the defendant the complaint, where either shows a want of jurisdiction, or where the facts stated are not sufficient.

APPEAL from the Marion Common Pleas.

DOWNEY, C. J.—Suit by the appellee against the appellant and one Turpin, on a joint promissory note, executed by them to one Pierson, and by him indorsed to the plaintiff. Turpin made default. Menifee answered, that he executed the note, but did so only as surety for Turpin; that when the note became due, and before the assignment thereof to the plaintiff, and without his knowledge or consent, it was agreed, by and between Pierson and Turpin, that, in consideration that Turpin should apply the money in his hands, to wit, four thousand dollars, in payment of the outstanding partnership debts of the late partnership, composed of said Turpin and Pierson, before that time dissolved by agreement of the parties, the time of payment of said note, on which

the action is brought, should be extended; and that in consideration of said extension, the said Turpin did apply said money in payment of said partnership debts, when, but for said agreement, he would have promptly paid the note sued on; and that Turpin has, since said agreement, become insolvent; wherefore defendant is discharged.

To this answer the plaintiff replied, first, by a general denial; second, that said pretended agreement was wholly without consideration, in this, that upon the dissolution of said partnership, Turpin agreed to pay the said firm debts; wherefore, &c.

The defendants demurred to the second paragraph of the reply, which demurrer was overruled, and the defendant excepted. There was a trial by the court; finding and judgment for the plaintiff.

The only error properly assigned is, that the court erred in overruling the demurrer to the second paragraph of the reply.

We all agree that the reply is bad. We think the answer discloses a sufficient consideration for the promise to extend the time of payment of the note, and that the additional fact disclosed by the reply does not show the absence or want of consideration. Though at the dissolution of the partnership Turpin agreed to pay the partnership debts, still Pierson was as much liable to the creditors of the firm as was Turpin, and it was, unquestionably, a great advantage to him to have the four thousand dollars applied to the discharge of the partnership debts and thus relieve him, to that extent, from liability therefor. And again, though Turpin had agreed to pay the firm debts, he had not agreed to apply to their payment the money which he then had in his hands. It may have been a serious inconvenience to him to apply that particular money to their payment. Either the advantage to Pierson, or the inconvenience to Turpin, constitutes a sufficient consideration for the alleged promise.

But while the answer is sufficient with respect to the con-

sideration alleged, is it good in other respects? It will be observed that it does not allege any definite time for which the extension was given. It states that, for the consideration mentioned, it was agreed that the time "should be extended," but for how long a time it does not state. We know that it is not material as to the length of time given. The suspension of the right of the creditor to sue for a month, or even for a day, is as effectual to release the surety as a year or two years. *Dickerson* v. *Board of Commissioners of Ripley Co.*, 6 Ind. 128. Reference is made in the opinion, in this case, to the case of *Fellows* v. *Prentiss*, 3 Denio, 512, where it is held that where one was surety for another, as guarantor, and after the debt was due, the creditor took the notes of the principal, without the knowledge and consent of the guarantor, at one, sixty, and ninety days respectively, the surety was discharged as to the whole debt. See also *Pipkin* v. *Bond*, 5 Ired. Eq. 91 ; *Bangs* v. *Strong*, 7 Hill, 250; *Okie* v. *Spencer*, 2 Whart. 252. But it is equally well settled that the indulgence must be for a definite time.

In *The President of the Board of Police of Clarke Co.* v. *Covington*, 26 Miss. 470, Justice FISHER, in delivering the unanimous opinion of the court, says : "This was an action of assumpsit, brought in the Circuit Court of Clarke County, on a promissory note made by one Vance, as principal, and the defendants in error as securities, payable to the President of the Board of Police of said county. The defense set up is, that the plaintiff below, without the knowledge or consent of the sureties, extended the time of payment to the principal debtor.

"The proof is that a suit, which had been commenced, was dismissed by the president of the board, on the principal, Vance, delivering to said president a note made by one Carr for one hundred dollars, which was credited on the note of the defendants. It is not shown that the indulgence was given for any definite period of time.

"Upon this state of the case, a verdict was found for the sureties, upon which the court pronounced the proper judgment.

"The law is well settled, that to discharge a surety on account of indulgence granted to the principal, the indulgence must be for a definite period of time, founded upon a new consideration. There must be a new contract concluded between the creditors and the principal debtor, by which the hands of the former are tied for a definite period of time, from suing the latter. No such contract is shown in this case."

In *Draper* v. *Romeyn*, 18 Barb. 166, it is held thus: "It is a rule too well settled to admit of dispute now, that an extension of the time of payment for a single day, without the assent of the surety, will exonerate him. But this extension of credit must be founded on a consideration, and must be such an agreement as precludes the creditor from enforcing payment against the principal until the expiration of a specified period." See, also, *Wheeler* v. *Washburn*, 24 Vt. 293; 3 White & T. Lead. Cas., 561, 562; *Pierce* v. *Goldsberry*, 31 Ind. 52.

The answer being thus clearly defective, the next question is, can the plaintiff avail himself of that defect on the demurrer to the reply? In other words, will a demurrer to a reply extend back to a defective answer? That this was the rule at common law, there is no question; and such was the undisputed practice in this State, prior to the adoption of the code. As the code of practice originally stood, objections to the complaint were waived by failing to demur, &c., except only as to the jurisdiction of the court over the subject of the action. While this provision remained in force, this court had this question under consideration in several cases.

In *Johnson* v. *Stebbins*, 5 Ind. 364, HOVEY, Judge, in delivering the opinion of the court, after quoting the sections of the code on the subject of demurring, and referring to the New York Code and the decisions under it by the courts of that state, where it was held that the demurrer did extend back, said: "The cases all turned upon the clause not embraced in our section; and we think the doctrine clearly inferrible from these decisions is, that under our sections on

pleading, the demurrer cannot reach back through the pleadings, unless it be for the purpose of attacking the jurisdiction of the court."

In *Mason* v. *Toner*, 6 Ind. 328, where it was contended that the demurrer to the answer should go back to the complaint, STUART, Judge, said, "Our statute, it is urged, is *almost* a literal copy of the New York Code on the subject of demurrer; and in that state the demurrer reaches back to the first error in the pleading. Counsel have misled themselves by the word *almost*. It will be seen, on comparison, that our statute omits a very significant clause found in the New York Code. That omission is fatal to the position assumed here. The demurrer, we think, under our practice act, does not extend beyond the pleading to which it is addressed."

In *Freeman* v. *Robinson*, 7 Ind. 321, GOOKINS, Judge, in delivering the opinion, says: "The question arises on a demurrer to the reply, which, although it does not search the record for any other purpose, extends to the complaint for the purpose of attacking the jurisdiction of the court over the subject," &c.

. In *Gimbel* v. *Smidth*, 7 Ind. 627, STUART, Judge, said, "But we have several times held, after examining the point with great care, that under our new practice a demurrer does not reach back through the pleadings, unless on a question of jurisdiction," &c.

Other cases might be referred to, decided by the court before the amendment of the section of the code in 1855. By that amendment it was provided that all objections to the complaint should be waived by failing to demur, except as to the jurisdiction of the court over the subject of the action, and except the objection that the complaint does not state facts sufficient to constitute a cause of action. Since this amendment this court has repeatedly decided that a demurrer to an answer will go back and attach itself to the complaint when thus defective; *Hayworth* v. *The Junction R. R. Co.*, 13 Ind. 348; *McEwen* v. *Hussey*, 23 Ind. 395. Other cases might be cited. Such has been the ruling in the State

of New York and in Kentucky, under codes similar, in this respect, to ours since its amendment. See *Johnson* v. *Stebbins, supra,* and cases there cited; and also *The People* v. *Booth,* 32 N. Y. 397; *Martin* v. *McDonald,* 14 B. Mon. 544.

Since, then, it is held that a demurrer to an answer will reach back to a complaint which shows a want of jurisdiction over the subject of the action, or which does not state facts sufficient to constitute a cause of action, what reason is there why a demurrer to a reply shall not go back to an answer which sets up some matter of which the court has no jurisdiction or which fails to state facts sufficient to amount to a defense? We shall probably be told that the code forbids it. Let us see whether it does or not.

Gookins, J., in *Freeman* v. *Robinson, supra,* held that a demurrer to the reply extended to the complaint, where the complaint showed a want of jurisdiction, which, as we have seen, was then the only objection not waived by failing to demur, &c. It seems reasonable to conclude that since the section is amended, the demurrer to a reply will go back to a complaint defective in either of the particulars not waived by failing to demur, &c.

The section of the code relating to demurring to the answer provides, that " where the facts stated in the answer are not sufficient to constitute a cause of defense, the plaintiff may demur to one or more of the several defenses, under the same rules and regulations as heretofore prescribed for demurring to the complaint. Unless the objection be taken by demurrer, it shall be deemed to be waived." 2 G. & H. 92, sec. 64.

It is the latter sentence of the section which is supposed to be in the way of the demurrer in going back from the reply to the answer. But it will be seen that though the objection to the answer is waived unless the objection be taken by demurrer, it is not required that the demurrer which is to raise the question must be addressed to the answer and be filed by the plaintiff. If the demurrer be interposed at a later stage of the pleading, the objection is taken by demur-

ter just as effectually as if it was addressed to the answer and put on file by the plaintiff.

The demurrer brings in review the whole series of pleading in all its preceding stages, and the court must give judgment against the party who has committed the first available fault. This was the well known practice or rule of pleading in use at the time of adopting the code; it has been held to apply, under the code, with reference to a defective complaint, even where the demurrer is to the reply, and we see no reason for a different rule with reference to a defective answer. The section above quoted says the plaintiff may demur to the answer, "under the same rules and regulations as heretofore prescribed for demurring to the complaint." This language must have some meaning attached to it in the construction of the section.

It is said, however, that this rule may operate badly in some cases, for the reason that if the demurrer had been directly to the answer, and the answer had been held to be bad, the party might have amended the answer. But this same objection would equally apply to holding a complaint bad on a demurrer to the answer. There is no greater hardship here than in the case of a successful motion for judgment on the pleadings, under section 372 of the code, which is rendered against the party whose pleading is defective, *non obstante veredicto*. If the party has no merits in his case, according to his own showing, he has no legal standing in court, and cannot justly complain if judgment is rendered against him.

This, however, is not a new question in this court. In the case of *Wiley* v. *Howard*, 15 Ind. 169, it is expressly decided, that the demurrer to the reply does reach back to the answer. In that case it is said, "The paragraph of the answer being bad, it was error to sustain a demurrer to the replication thereto, although the replication might have been bad had the answer been good." We are content to follow this precedent.

We hold, therefore, that according to the cases above

cited, on a demurrer to a reply, the plaintiff may attack the answer, or the defendant the complaint, where either shows a want of jurisdiction, as in *Freeman* v. *Robinson, supra,* or where the facts stated are not sufficient, as in *Wiley* v. *Howard, supra.*

This construction renders the rule uniform, and, we think, conduces to the proper administration of justice.

The answer in the case at bar being bad, in that it does not state facts sufficient to constitute a ground or "cause of defense," as the statute says, the decision of the court on the demurrer to the reply was correct, not because the reply was good, but because the answer was bad.

The judgment is affirmed, with costs.

PETTIT, J., regarding the answer as sufficient, not agreeing that the demurrer reaches back to the answer, and believing that the question does not arise on the assignment of error in overruling the demurrer, dissents on these points from the foregoing opinion.

*W. Wallace,* for appellant.

*C. W. Smith, Jr.,* for appellee.