## EISMAN *v.* POINDEXTER, EXECUTOR.

WILL.—*Heirs.*—*Widow.*—A testator by his will disposed of all of his property, leaving nothing to go by descent, making certain devises and bequests to his wife and four children, naming them, and directing that

the residue of his estate should be equally divided among his "above named heirs."

*Held*, that the widow was one of the residuary legatees.

From the Clarke Circuit Court.

*J. H. Stotsenburg*, for appellant.

*G. B. Cardwell*, for appellee.

WORDEN, J.—Absalom L. Sellers died, leaving a widow, Margaret, now Margaret 'Eisman, and four children, viz., Emma, now Emma Lewman, Arthur, John and Pinkney Sellers, having made his last will, so much of which as is necessary to an understanding of the point here involved is as follows:

"As to such estate as I have been entrusted with, I dispose of the same as follows:

"After the payment of all my just debts and funeral expenses,

"1. I give and bequeath unto my beloved wife, Margaret Sellers, all the real estate that I own in Clarke county, in the State of Indiana, not otherwise disposed of in this will. I value said real estate at two thousand dollars. I also give and bequeath to my said wife the sum of five thousand and seven hundred dollars. I also direct that my said wife retain possession of the property on which I now reside, in the town of Sellersburg, and keep up the store, until my son, Arthur Sellers arrives at the age of twenty-one years.

"2. I give and bequeath unto my daughter Emma Sellers all the real estate that I own in the city of Jeffersonville, Clarke county, Indiana, which I value at fifteen hundred dollars. I also give and bequeath unto my said daughter Emma the sum of four thousand two hundred dollars in money or United States bonds, to be paid to her when she arrives at the age of twenty-one years or is married.

"3. I give and bequeath to my son Arthur Sellers all the real estate that I own in the town of Sellersburg, Clarke county, Indiana, which I value at two thousand three hundred and fifty dollars. I also give and bequeath unto my

said son Arthur the store in Sellersburg, which I value at three thousand dollars, and I direct that my wife have possession thereof, and continue the business as I am now conducting it, the profits thereof to be used by my said wife in supporting my children until my son Arthur becomes of the age of twenty-one, when he is to have full possession; and if the stock should not be worth three thousand dollars, then the deficiency is to be made up to my said son in money or United States bonds.

"4. I give and bequeath to my son John Sellers the sum of five thousand five hundred dollars in money or United States bonds, to be paid him when he becomes twenty-one years of age.

"5. I give and bequeath to my son Pinkney Sellers the sum of five thousand five hundred dollars in money or United States bonds, to be paid him when he arrives at the age of twenty-one years.

"6. If the above bequests should not exhaust my estate, then the residue to be divided equally among my above named heirs."

The debts and general legacies are all paid, and there remains for distribution to the residuary legatees, under the sixth clause of the will, the sum of five thousand eight hundred and thirteen dollars and sixteen cents. The widow claims to be entitled to her share as one of the "above named heirs," as mentioned in the sixth clause. The court below, however, held that she was not, and rendered judgment accordingly.

The testator devised all his property, and left nothing to go to his heirs by descent.

Those who took under the will took as devisees or legatees, and not as heirs. The testator named the five legatees, viz., his wife and the four children, and made to them certain devises and bequests, and finally, in the sixth clause of the will, provided that the residue of his estate should be equally divided among his "above named heirs." We are of opinion that the widow is included as one of the residuary

legatees. It seems to us to have been the intention of the testator to bestow the residue of his property upon those previously named, to whom he had made devises and bequests, viz., his wife and the children. He called them heirs, but they took nothing as heirs. The words, "my above named heirs," were intended by the testator, as we think, to embrace the above named legatees. The children, to be sure, were heirs of the parent, though they took nothing as such. So, also, was the wife an heir of her husband, though she took nothing as such heir. There are several instances in which the widow takes property as heir to her husband. See *May* v. *Fletcher*, 40 Ind. 575. It was, therefore, a no greater misapplication of terms to call the wife an heir, than it was to call the children heirs, in a case where' neither took anything as such. The widow is entitled, in our opinion, to one-fifth of the residue, by the terms of the will.

The judgment is reversed, with costs, to be levied *de bonis testatoris*, and the cause remanded for further proceedings, in accordance with this opinion.