Heizer v. Kelly.

No. 7547.

HEIZER v. KELLY.

PRACTICE.—*Transcript.*—*Statute Construed.*—The phrase in section 559 of the code, "all papers pertaining to a cause, and filed therein," embraces the complaint, answer, reply, demurrers, and all instruments upon which the proceeding is based, and which are filed with and made part of such proceeding.

SAME.—*Record on Appeal.*—Under section 556 of the code, where the question arises upon sustaining or overruling a demurrer to the complaint, the record on appeal need not contain any subsequent pleading; but if the question arises upon sustaining or overruling a demurrer to the reply, then the complaint, answer and reply must be embraced in the record.

SAME.—*Transcript.*—*Complaint.*—It is necessary, in every case, for the transcript on appeal to the Supreme Court, to contain a copy of the complaint where the question arises upon the pleadings, unless reserved under section 347 of the code, to present such question for the consideration of the Supreme Court.

SAME.—It is not error to sustain a demurrer to a good reply, where there is no complaint on file; and striking out portions of such reply was harmless, whether it remained good or bad.

SAME.—*Amended Complaint.*—*Exhibits.*—A complaint, to which a demurrer has been sustained at one term of the court, can not be treated as an amended complaint by simply filing exhibits at the next term, without also refiling such complaint therewith.

From the Marion Superior Court.

F. M. Finch and J. A. Finch, for appellant.

J. T. Lecklider, S. Claypool, H. C. Newcomb and W. A. Ketchum, for appellee.

BEST, C.—This action was brought by the appellant against the appellee, Catharine and Solomon B. Davinish, Mark Losey, Harry H. Eckles and Mattie B. Spence, on the 23d day of November, 1876, to foreclose a mortgage.

At the May term, 1877, the court sustained the demurrer of the appellee to appellant's complaint, and at the September term, 1877, the appellant filed an amended complaint, but it is not in the record, and the clerk says it is "not on file." The appellee filed an answer to the amended complaint, in four paragraphs, all of which were subsequently withdrawn, except the third. To this answer the appellant

replied in four paragraphs, and then withdrew all of them, except the amended third, and dismissed the action as to all the defendants, except the appellee. The appellee moved the court to strike from the reply certain portions of it, which motion was sustained, and to which ruling appellant excepted. The appellee then demurred to the reply, for want of sufficient facts. This demurrer was sustained, and an exception was reserved.

The appellant declining to further plead, final judgment was rendered against her, from which she appealed to the general term,.assigning. as error there : First, that the court erred in striking out portions of the reply ; second, that the court erred in sustaining the demurrer to the reply ; and, third, that the court erred in rendering final judgment against her.

At the general term the judgment of the special term was affirmed, from which judgment appellant appeals to this court, and assigns as error here the ruling of the court at general term, in affirming the judgment rendered at the special term.

We learn from the answer, from the amended third paragraph of the reply, and from the brief of appellant, that the question sought to be raised by this record is this : Can the endorsee of one of several notes secured by the same mortgage, which had been duly recorded, foreclose the same against a person who, after said note was transferred, and after an entry of satisfaction of said mortgage had been made of record, but before March 6th, 1877, purchases the premises embraced in said mortgage in good faith, for full value, and without actual knowledge that the same is unpaid, if such entry were made by the mortgagee without the knowledge, consent, or authority of the holder of said note? This question is an important one ; but the appellee insists that because the complaint is not in the record, the question is not presented, and we must, therefore, determine whether or not the record presents it.

In order to obtain relief from a judgment by the aid of

an appellate court, it is necessary that the error should affirmatively appear from the record. This can not appear until the record has been procured and filed in this court, in pursuance of the statute regulating appeals. Section 559 provides that "All proper entries made by the clerk, and all papers pertaining to a cause, and filed therein, * * * are to be deemed parts of the record."

This court has often decided that the phrase, "all papers pertaining to a cause, and filed therein," embraces the complaint, answer, reply, demurrers and all instruments upon which the proceeding is based, and which are filed with and made part of such proceeding. *Kesler* v. *Myers*, 41 Ind. 543.

In Buskirk's Practice, p. 142, it is said that "The complaint, answer, reply, demurrers thereto, the rulings of the court thereon, and the exceptions thereto, constitute a part of the record by force of the statute." With this construction, the record in a given case must at least embrace all proper entries made by the clerk, the complaint, answer, reply and all instruments upon which either is based, when filed with and made a part of it, if such pleadings are filed in such case. The complaint, then, is a part of every record, and if it were necessary to procure a transcript of the whole of any record, in order to appeal, an appeal could not be taken unless the transcript embraced the complaint. This, however, is not required. Section 556 provides that "such appeals may be taken by procuring from the clerk of the court a transcript of the record, and proceeding in the suit, or so much thereof as is embraced in the appeal, and filing the same in the office of the clerk of the supreme court." This statute authorizes an appeal to be taken by procuring so much of the record as is embraced in the appeal. This is manifestly less than the whole. It is a part, but what part? The phrase, "so much of the record as is embraced in the appeal," does not determine it. It is broad enough to embrace all that may be deemed necessary to present any given ques-

tion, and it evidently means so much thereof as will present the question sought to be raised; but what part? This depends upon the question sought to be raised. If the question arises upon sustaining or overruling a demurrer to the complaint, the record need not contain any subsequent pleading. The converse of this, however, is not true. If the question arises upon sustaining or overruling a demurrer to the reply, then the complaint, answer and reply must be embraced in the record, as the demurrer searches all previous pleadings; and, unless the complaint is in the record, it would be impossible to say that the ruling of the court upon the sufficiency of a subsequent pleading was erroneous. It seems to us that it is necessary, in every case, for the transcript to contain a copy of the complaint, where the question arises upon the pleadings, unless, perhaps, it is reserved under section 347 of the code. It is the basis of the action, the foundation of the superstructure, and without it no error can appear.

In Buskirk's Practice, at page 66, it is said, that, to present a question upon a demurrer to the reply, the "transcript will consist of the complaint," etc.; and it is obvious that, if a demurrer to the reply reaches the complaint, the complaint must be included in the transcript, in order to determine the correctness of the ruling on the demurrer. That it does, has already been decided by this court. *Freeman* v. *Robinson*, 7 Ind. 321; *Menifee* v. *Clark*, 35 Ind. 304.

In the case last cited, it is said that "The demurrer brings in review the whole series of pleadings in all its preceding stages, and the court must give judgment against the party who has committed the first available fault." If a demurrer to a good reply should be sustained, because the complaint is defective, certainly there is no error in doing the same thing where there is no complaint at all.

What we have already said substantially disposes of the objection made to the action of the court in striking out portions of the reply. If a good reply could do the appel-

lant no good, striking out portions of it could do him no harm, whether it remained good or bad.

For these reasons we think the question sought to be raised is not in the record, and the judgment ought, therefore, to be affirmed.

PER CURIAM.—It is therefore ordered upon the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the costs of appellant.

## ON PETITION FOR A REHEARING.

BEST, C.—The appellant concedes that the conclusion reached by the court is correct, unless the complaint filed November 23d, 1876, can be treated as the amended complaint filed September 13th, 1877. How this can be done is not indicated. She says that the truth is that the exhibits were not filed with the original complaint, to which, for such reason, a demurrer was filed and sustained, on the 12th day of April, 1877 ; that these exhibits were filed on the 13th day of September, 1877, and that the original complaint and the exhibits thus became the amended complaint. If this version is correct, the clerk, in making the transcript, made two mistakes—one in setting out the exhibits as filed with the original complaint, and the other in not setting them out as filed September 13th, 1877. If both were corrected, however, the correction could not avail the appellant. A complaint to which a demurrer has been sustained at one term of the court can not be treated as an amended complaint by simply filing exhibits at the next term, without also refiling such complaint with such exhibits.

The appellant also insists that the appellee filed his answer to this complaint, and, since he treated it as an amended complaint, the court must also so treat it. This we would willingly do if the record supported the statement, but it does not. The demurrer to the original complaint was sus-

tained April 12th, 1877, and on the 13th of September following this entry was made: "Comes now the plaintiff by her attorneys, and files an amended complaint herein, to which defendants are ruled to answer." And on September 15th occurs this entry: "Comes now defendant Joseph M. Kelly and files his answer in five paragraphs." These entries are conclusive, and the conclusion that the answer was filed to the amended complaint, and not to a complaint to which a demurrer had been sustained at a previous term of the court, seems unavoidable. *Eisman* v. *Poindexter*, 52 Ind. 401. We have no power to correct the record, nor can we disregard its recitals; therefore we adhere to the ruling in the original opinion.

PER CURIAM.—The petition is overruled