Bain v. Myrick.

No. 10,179.

BAIN v. MYRICK.

LIBEL.—*Charge of Crime.*—*Unnecessary Innuendo.*—*Surplusage.*—*Complaint.*—
It is not necessary that a crime should be charged, in technical language,
in a written or printed publication, to constitute it a libel; but any such
publication, which holds the plaintiff up to scorn or ridicule, or to con-
tempt or execration, or impairs his enjoyment of general society, or im-
putes or implies his commission of a crime, is a libellous publication.
Where the publication, without an innuendo, is libellous, an unneces-
sary innuendo will be regarded as surplusage, and will not vitiate a
complaint which is otherwise sufficient.

From the Owen Circuit Court.

*G. W. Grubbs, J. H. Jordan* and *D. Wilson*, for appellant.

HOWK, J.—The only question for decision in this case is
the sufficiency of the appellee's complaint, after verdict, to
constitute a cause of action. The suit was commenced in the
Morgan Circuit Court, but before any other proceedings were
had therein, upon the appellee's motion, the venue of the cause
was changed to the court below.

In his complaint the appellee alleged, in substance, that
before the appellant committed the wrongs and injuries here-
inafter stated, the appellee was reputed and known among his
neighbors as an honest man, and had never been suspected of
the crime of larceny or other crime; that the appellant, well
knowing the premises, but intending to injure appellee and
cause it to be believed by his neighbors and the public that ap-
pellee had been guilty of larceny, and thereby bring him into
disrepute and shame, and injure and ruin him, falsely and
maliciously printed, published and caused to be read by two
thousand persons and citizens of Morgan county, of and con-
cerning the appellee and the larceny aforesaid, in a certain
newspaper by the appellant edited, printed, published and gen-
erally circulated throughout Morgan county, known as and
called the "Martinsville Republican," on the 17th day of
March, 1881, at the county of Morgan, of which county ap-

pellee then and since was a citizen, the following false and malicious libel, to wit: "A man named Myrick" (plaintiff meaning) "and a man named McCollum" (Samuel McCollum meaning), "both living near Hall, this county, used to be in partnership in the stock business. A few months since they dissolved the partnership and divided the stock, Myrick" (plaintiff meaning) "taking his part to the city and selling it. Not content with this he" (plaintiff meaning) "seems to have coveted his late partner's cattle. Early this week he" (plaintiff meaning) "started between two days for the city with McCollum's" (Samuel McCollum meaning) "cattle. Soon an officer was put on the trail; said trail grew exceedingly hot along here, and the cattle and Myrick" (plaintiff meaning) "were all overtaken and captured near Riley McCrary's. Such is the unadorned tale as it reached our reporter's ears." Wherefore appellee said that he had sustained damages in the sum of $3,000, for which he demanded judgment.

There was no demurrer to this complaint; but after trial and verdict against the appellant, his motion in arrest of judgment was overruled by the court. He has assigned as errors the overruling of his motion in arrest and the alleged insufficiency of the complaint.

It is earnestly insisted by the appellant's counsel that the complaint is bad, even after verdict, because the alleged libellous publication set out therein did not charge the appellee with the crime of larceny, and because the innuendoes therein could not and did not aver any fact or change the natural meaning of the language used. If this had been an action of slander for words spoken, the objections to the complaint might, perhaps, have been well taken, and the authorities cited by counsel in support of the objections would, perhaps, have been in point. But it is well settled that it is not necessary that a crime should be charged, in the language of the statute, in a written or printed publication, in order to constitute such publication a libel. Any such publication as holds a person up to scorn or ridicule, or to a stronger feeling of contempt

or execration, or impairs his enjoyment of general society, or imputes or implies his commission of a crime not directly charged, is a libellous publication. Where the published charge is libellous without an innuendo, if the complaint contain an unnecessary innuendo it will be regarded as surplusage, and will not vitiate a complaint otherwise good. It seems to us that the publication set out in appellee's complaint, in the case at bar, is clearly a libel within the meaning of the law; and the colloquium and innuendoes were amply sufficient to show the application of the libellous matter to the appellee. *Gabe* v. *McGinnis*, 68 Ind. 538, and authorities cited.

We are of opinion that appellee's complaint would have been good, upon a demurrer thereto for the want of sufficient facts, and that, as the question is presented here, it stated facts sufficient, beyond any room for doubt, to constitute a cause of action.

The judgment is affirmed, with costs and ten per centum damages.