Filed April 25, 1884.

---

No. 11,522.

## HAKE v. BRAMES.

LIBEL.—*Letter.*—A letter written to C. by H., concerning B., was as follows: "I was unfortunate enough to have him in my employ at one time as a book-keeper. He is a liar. I would not believe him under oath."

*Held*, on demurrer to a complaint for libel, that each of the three sentences is libellous.

SAME.—*Justification as to only One of Several Sets of Words.—* An answer in such action, seeking to justify by alleging that the plaintiff had lied on one occasion, even if a defence to the second set of words, is not as to the others, and, pleaded to a complaint setting out the three sets of words, is insufficient.

From the Superior Court of Allen County.

*W. H. Coombs, R. C. Bell* and *S. L. Morris*, for appellant.

*H. Colerick, W. S. Oppenheim, J. Q. Stratton* and *E. Stratton*, for appellee.

BICKNELL, C. C.—The appellee sued the appellant for a libel, which was as follows:

"FORT WAYNE, November 2d, 1882.

"MR. PETER CERTIA—*Sir:* I see by the morning papers that one Louis Brames is attacking you. I know this same Brames. I was unfortunate enough to have him in my em-

ploy at one time as a book-keeper. He is a liar. I would not believe him under oath.            FRANK HAKE."

The defendant demurred to the complaint for want of facts sufficient. He also demurred to each of the three sets of words alleged to be libellous, for the same reason. These demurrers were overruled.

The defendant answered in four paragraphs, of which the fourth was the general denial. Demurrers were sustained to each of the first three paragraphs of answer, and the issues upon the complaint and general denial were tried by the court, who found for the plaintiff $150, and rendered judgment therefor. The defendant appealed. He assigns, as errors, the overruling of the demurrers to the complaint and to each of its sets of words, and the sustaining of the demurrers to each of the first three paragraphs of the answer. He concedes in his brief, that the demurrer to the complaint was properly overruled, but he claims that the words of the first and third set are not libellous; that in the first set "the appellant was simply bewailing his own misfortune and not making any charge against the appellee," and that the third set, at most, was a comment upon and a qualification of the main charge contained in the second set, which alone contained a substantial libel, to wit: "He is a liar."

The three sets of words were:

1. I was unfortunate enough to have him in my employ at one time as a book-keeper. 2. He is a liar. 3. I would not believe him under oath.

Each of these sets of words is libellous. Written or printed matter may be libellous without charging a crime.

"As to those libels which by holding a person up to scorn or ridicule, and, still more, to any stronger feeling of contempt or execration, impair him in the enjoyment of general society, and injure those imperfect rights of friendly intercourse and mutual benevolence, which man has with respect to man, it is chiefly in this branch of libels, that the action for words spoken, and for words written, substantially differ."

Folk. Starkie Slander, section 154; *Gabe* v. *McGinnis*, 68 Ind. 538; *Bain* v. *Myrick*, 88 Ind. 137. Each of the three sets of words contains an imputation injurious to the plaintiff. There was no error in overruling the demurrers thereto.

The three paragraphs of answer were pleaded to the entire complaint. Each of them therefore is insufficient, if it answers only a part of the complaint. *Stahl* v. *Hammontree*, 72 Ind. 103; *Hancock* v. *Fleming*, 85 Ind. 571; *Franklin L. Ins. Co.* v. *Dehority*, 89 Ind. 347.

The three paragraphs of the answer undertake to justify the libel, and the justification is that the plaintiff did lie in a certain publication made by him, and, lying as aforesaid, is a man whom the defendant would not believe under oath, and that defendant did have said Brames in his employment as book-keeper, and was unfortunate by reason thereof.

The counsel for the appellant contend that the only substantial matter contained in the libel is the charge, " He is a liar." It is not necessary to decide whether such a charge is justified by averring a single act of lying, because if that were conceded, the defences would not amount to a justification of the other imputations. It does not follow that because a man has told a lie, therefore it is unfortunate to have him as a book-keeper, nor that he ought not to be believed on oath. The defences contain no answer at all to the imputation implied in the third set of words, which was that the plaintiff would swear to a lie. There is no error in sustaining the demurrer to the special defences, and there is no error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellant.

ZOLLARS, J., took no part in the decision of this cause.

Filed April 25, 1884.