Crocker *v.* Hadley.

Filed June 27, 1885.

---

No. 11,693.

### CROCKER *v.* HADLEY.

LIBEL.—*Definition.*—Any written or printed publication which holds a person up to scorn or ridicule, or to a stronger feeling of contempt or execration, or which imputes or implies his commission of a crime not directly charged, is libellous.

SAME.—*Excessive Damages.—Practice.*—Where the amount of damages has been determined by a jury and approved by the trial court, it must appear at first blush to be grossly excessive to secure a reversal of the judgment.

SUPREME COURT.—*Weight of Evidence.*—Where there is evidence tending to sustain the verdict, the Supreme Court will not disturb it on the weight of the evidence.

From the Wayne Circuit Court.

*D. W. Comstock* and *J. H. Kibbey,* for appellant.

*H. C. Fox, W. A. Peelle* and *J. F. Robbins,* for appellee.

Howk, J.—This was a suit by the appellee, Hadley, to re-
cover damages from the appellant, Crocker, for his publica-
tion of an alleged libel. The cause was put at issue and tried
by a jury, and a verdict was returned for the appellee, assess-
ing his damages in the sum of two hundred and fifty dollars.
Over the appellant's motion for a new trial judgment was
rendered against him on the verdict.

Several errors are assigned by appellant in this court, but
his counsel has confined his argument chiefly to the alleged
error of the court in overruling his motion for a new trial.
Counsel say: "It is admitted by the appellant that he wrote
and procured the publication of the alleged libellous article."
Appellant's counsel claim, however, that the innuendoes in
appellee's complaint place a forced and unnatural meaning on
the language used in the published article, and, to some ex-
tent, this may be true. The published article is too long to
be copied in this opinion, but it denounced the appellee as a
"hoary-headed filcher," and charged that "John C. Hadley
has sold himself, Judas-like, for a few pieces of silver, to sell
his neighbors out." We need not argue for the purpose of
showing that the publication of an article, containing such
expressions as those quoted, in a public newspaper, is a libel-
lous publication. It is not necessary that a crime should be
charged in accurate or technical language, in a written or
printed publication, in order to constitute such publication a
libel. Any written or printed publication which holds a per-
son up to scorn or ridicule, or to a stronger feeling of con-
tempt or execration, or which imputes or implies his com-
mission of a crime not directly charged, is a libellous publi-
cation. This is the settled law on this subject in this State.
*Gabe* v. *McGinnis*, 68 Ind. 538, and authorities cited; *Bain*
v. *Myrick*, 88 Ind. 137; *Young* v. *Clegg*, 93 Ind. 371; *Hake*
v. *Brames*, 95 Ind. 161.

There is evidence in the record which tends to sustain the
verdict on every material point. In such case, as has often

been decided, this court will not disturb the verdict on what might seem to be the weight of the evidence. *City of Anderson* v. *O'Conner*, 98 Ind. 168. It is claimed also that the damages assessed were excessive, but we can not reverse the judgment on this ground. In truth, the transcript is incomplete, and fails to show, in any manner, that all the evidence given in the cause was made a part of the record. In such a case as this the amount of the plaintiff's damages is a question for the jury, and where their verdict has met the approval of the trial court, the judgment will not be reversed on the ground of excessive damages, unless they appear at. first blush to be grossly excessive. *City of Evansville* v. *Worthington*, 97 Ind. 282.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment. ,

The judgment is affirmed, with costs.

