## No. 13,828.

## DOAN v. KELLEY.

LIBEL.—*Imputation of Crime.*—*Teacher.*—A newspaper publication, false and made for the purpose of scandalizing the plaintiff, as admitted by the demurrer to the complaint, under the heading, " A School Child Killed in Pike County by a Teacher," stated that a little girl, immediately after being punished by her teacher, a young woman, dropped to the floor, and, with a stream of blood running from her mouth, died; that the teacher was lodged in jail, and that threats of lynching her were made.

*Held*, that the matter was libellous *per se*.

SAME.—*Libellous Publication.*—*Identification of Plaintiff.*—The plaintiff having sued as " Louey Kelley," although spoken of in the publication as " Miss Louise Kelley," alleging in the complaint that the libellous publication was concerning her, and that the author of the alleged libellous matter meant to charge her with murdering the child, is sufficiently identified as the person to whom reference was made.

From the Vanderburgh Circuit Court.

*C. L. Wedding*, for appellant.

*W. F. Townsend, W. S. Hurst* and ———— *Flum*, for appellee.

MITCHELL, C. J.—The plaintiff, Laney Kelley, charged in her complaint that the appellant on the 20th day of November, 1885, "for the purpose of impeaching her good name, and subjecting her to public scandal and disgrace, and bringing her into disrepute among her neighbors and acquaintances," published in a newspaper of which he was the publisher and proprietor, " of and concerning this plaintiff the following false, wicked and malicious libel, to wit:

"' A SCHOOL CHILD KILLED IN PIKE COUNTY BY A TEACHER.

"' On Monday last one of the scholars attending the school at Burr Oak school-house, in Jefferson township, Pike county, died under singular circumstances. It had violated some

rule and the teacher, Miss Louise Kelley had just finished punishing it, when the little girl coughed and dropped to the floor with a stream of blood running from her mouth, and, before any one realized the danger, died on the floor. Great excitement prevailed as the death became known, and the teacher, a young woman, probably twenty-one years old, was arrested and taken to Petersburg, where circuit court is in session, and lodged in jail. Threats of lynching the young woman were freely made, but no attempts to carry them out developed. The death of the child probably resulted from the bursting of an internal blood vessel, possibly induced by the excitement incident to punishment.'

"Thereby meaning that this plaintiff was guilty of the crime of murdering a little child," etc.

The only question involved is whether or not, conceding, as the demurrer to the complaint does, that the publication was false, and made for the purpose charged, the matter published is *per se* libellous. The question having come here upon the ruling of the court on a demurrer to the complaint, we are to consider the publication as a mere invention, devoid of truth, published for the purpose of scandalizing the plaintiff, and to say whether or not, when so considered, it is defamatory and libellous. Thus considered, there is no room for diverse conclusions concerning the libellous character of the article. To say that a child has been killed by its teacher, as is declared in a displayed headline, that the teacher, naming her, had been lodged in jail, and that threats of lynching her had been freely made, is certainly calculated to bring the teacher into disgrace, and make her the subject of disparaging criticism. The implication arising from the article is that a child's death had been caused by excessive or immoderate punishment, inflicted by the teacher, that the people in the vicinity had become greatly excited over the event, and had caused the teacher to be arrested and lodged in jail on a criminal charge, and were threatening violence to her person. Taken as a whole,

and without explanation, the words fairly impute the commission of a crime to the plaintiff. *Witherell* v. *Murphy*, 18 N. E. Rep. 215.

What greater humiliation could a teacher suffer than to have her name thus paraded in a public newspaper, with the implication that she was occupying a place in the common jail, charged with the commission of a crime? What may have been proven we do not know, as the evidence is not before us. We might say, in the pertinent language of Lord Coke, " When the matter in fact will clearly serve for your client, although your opinion is, that the plaintiff has no cause of action, yet take heed that you do not hazard the matter on a demurrer; in which, upon the pleading, and otherwise, more perhaps will arise than you thought of; but first take advantage of the matters of fact, and leave matters in law, which will always arise upon the matters in fact, *ad ultimum.*" *Cromwell's Case,* 4 Rep. 12 ; Odgers Libel and Slander, 474.

It was not essential that the publication should have charged the plaintiff with murder, or any other criminal offence, in order to make it libellous. *Gabe* v. *McGinnis,* 68 Ind. 538 ; *Bain* v. *Myrick,* 88 Ind. 137. It was enough that it imputed to her the commission of a crime or held her up to scorn, ridicule, execration or contempt. *Prosser* v. *Callis,* 117 Ind. 105 ; *Crocker* v. *Hadley,* 102 Ind. 416.

In the publication complained of the plaintiff is spoken of as " Miss Louise Kelley." She sues as Laney Kelley, but she alleges in her complaint that the libellous publication was published of and concerning her, and that the author of the alleged libellous matter thereby meant to charge her with murdering the child. This sufficiently identified the plaintiff as the person to whom reference was made in the article published. Section 372, R. S. 1881, provides that : " In an action for libel or slander, it shall be sufficient to state, generally, that the defamatory matter was published or spoken of the plaintiff; and if the allegation be denied,

the plaintiff must prove, on the trial, the facts, showing that the defamatory matter was published or spoken of him."

There was no error.

The judgment is affirmed, with costs.

Filed Jan. 10, 1890.