No. 645.

PATCHELL v. JAQUA.

LIBEL.—*What Constitutes.*—*Complaint.*—*Sufficiency.*—A publication, if false, which is calculated to deprive a person of public confidence, to impair him of the enjoyment of society in general, to degrade and disgrace him, and to injure his rights of friendly and business intercourse with others, is libelous. For the publication as alleged in the complaint, see opinion.

Patchell *v.* Jaqua.

INSTRUCTIONS TO JURY.—*Evidence Not in the Record.*—*Effect on Consideration of Instructions.*—*Presumption as to Correctness.*—If the evidence is not in the record on appeal, the judgment will not be reversed for a refusal to give instructions. If the instructions refused state the law correctly, the court will presume that they were inapplicable to the case made by the evidence, and this presumption can only be overcome by bringing the evidence before the court, or by bringing sufficient of the record of the proceedings of the court below as will affirmatively show that the instruction so refused was applicable to the case made by the evidence; and, where the evidence is not in the record, a judgment will not be reversed because of an instruction given, unless such instruction should be erroneous under any possible state of evidence.

SAME.—*Considered as a Whole.*—*Correctness of When so Taken.*—*Effect.*—In civil cases, instructions must be considered as a whole, and, when so considered, if they recite the law correctly, the judgment of the court below will not be reversed simply because one instruction standing alone may be incomplete or erroneous.

SAME.—*Presumption as to Correctness.*—*Instructions as to Facts, and Bearing of the Evidence on the Issues.*—*Evidence Not in the Record.*—*Question, How Raised.*—*Practice.*—It will be presumed that the trial court gave the jury correct instructions on all the material points in the case, and, if the court assumes to state what the facts are, or upon what questions or issues evidence was introduced, this court will presume, in the absence of a contrary showing, that such instructions were given because the facts were admitted by the parties, or were established by uncontradicted evidence; and, when the evidence is not in the record, the proper way of raising the question on appeal as to the correctness of such instructions is to incorporate into the record, by a bill of exceptions, in addition to the instructions, so much of the evidence as is necessary to show the nature and effect of such instructions.

SAME.—*Punitive Damages.*—*Instruction as to.*—*When Not Considered on Appeal.*—Where only nominal damages have been assessed, a question concerning the correctness of an instruction as to the recovery of punitive damages can not be raised by the appellant.

From the Delaware Circuit Court.

*J. W. Ryan, W. A. Thompson* and *G. W. Cromer,* for appellant.

*R. H. Hartford, F. Winter* and *J. B. Elam,* for appellee.

DAVIS, J.—This was an action instituted by the appellee against the appellant to recover damages for the publication of a newspaper article alleged to be libelous.

The complaint was in three paragraphs. The basis of each paragraph is the same article. The paragraphs differ as to details and in alleging explanatory and prefatory matter, but are substantially the same.

A demurrer was filed to each paragraph, and over-ruled.

The case was tried by a jury, and resulted in a verdict in favor of the appellee for nominal damages.

The first question presented is whether the complaint is sufficient. If the action of the court below, in overruling the demurrer to the first paragraph of the complaint, was correct, it will not be necessary to consider the other paragraphs.

The body of the first paragraph is as follows:

"Said plaintiff complains of said defendant and says that heretofore, to wit, June 26, 1891, the defendant composed and published of and concerning the plaintiff, in a certain newspaper published in said county, called Union City Times, a certain false and malicious libel, containing the false, malicious and defamatory matter following:

'A. L. Jaqua of Portland (plaintiff meaning) is work-ing a bluff game on the new proposed railroad. Last fall he (plaintiff meaning), by misrepresentations, secured right of way along the line between this city and Portland, and when the C., H. & D. people were ready to proceed with their project, went to Cincinnati to try to "bleed" them into buying him out. His reception was very frigid, and when the Commissioners of Jay County ordered a new election in Penn Township he became desperate and is now working his scheme to defeat the road, and last week had a gang of so called engineers on the line surveying.

'The contractors for the new proposed road, the Chi-cago, Union City & Cincinnati, do not worry a particle over Mr. Jaqua (plaintiff meaning) and his company that possesses no capital or backing, and next week will pro-ceed to survey the line with competent engineers, and

Patchell *v.* Jaqua.

when the tax is voted will commence at once the work of construction.

'If Lon (plaintiff meaning) wants to get in front of the engine he can do so, but his $5,000 pile will soon melt if he continues his game.'

"Whereby plaintiff was injured in his reputation in the sum of five thousand dollars, for which he asks judgment and all other proper relief."

The question to be determined is whether the publication of the article, upon which the complaint is based, is libelous or not.

It is a well settled principle that it is not necessary that the words should be slanderous to sustain an action for libel. *Johnson* v. *Stebbins,* 5 Ind. 364; *Prosser* v. *Callis,* 117 Ind. 105; *Gabe* v. *McGinnis,* 68 Ind. 538 (544).

It is not necessary that a crime should be charged in order to constitute a written publication a libel. *Bain* v. *Myrick,* 88 Ind. 137; *Gabe* v. *McGinnis, supra; Crocker* v. *Hadley,* 102 Ind. 416.

In *Johnson* v. *Stebbins, supra,* the following definition of libel was given: "Any publication that tends to degrade, disgrace, or injure the character of a person, or bring him into contempt, hatred, or ridicule is as much a libel as though it contained charges of infamy or crime." *Gabe* v. *McGinnis, supra; Crocker* v. *Hadley, supra; Hake* v. *Brames,* 95 Ind. 161.

The article begins by accusing the appellee of working a bluff game on the railroad. The words "a bluff game" alone may not be actionable, but they aid to give color and tone to what follows.

The next statement is that he secured a right of way for a railroad through certain misrepresentations, and the meaning of this language is not doubtful.

Misrepresentations mean the making of false or erroneous statements. The article contains the distinct statement that the right of way was obtained from persons having

Patchell *v.* Jaqua.

the right to grant it, through misrepresentations. The natural suggestion of the language was that a wrong had been committed, and that the appellee had been guilty of wrong doing. This conclusion is strengthened by the other statements in the article which charge the appellee with trying to "bleed" a railroad corporation into buying from him this property so unlawfully obtained.

The word as here used means "to draw money from, to induce to pay." The article then continues to charge the appellee with putting so called engineers upon the right-of-way mentioned, the suggestion being clear that this was done for the purpose of deceiving and misrepresenting the state of affairs to the voters at the approaching election.

None of the statements or charges are suggestive of honest or fair conduct, but, when considered together as a whole, imply fraud and dishonesty.

Taking the article as an entirety it attributes to the appellee such conduct as would tend to degrade and disgrace appellee in the estimation of those who should read the publication.

The article in question was calculated to deprive the appellee of the benefits of public confidence, to impair him in the enjoyment of general society, and to injure his rights of friendly and business intercourse with others, and, if false, under the decisions in this State, constituted libel. *Hake* v. *Brames, supra; Hartford* v. *State,* 96 Ind. 461; *Nichols* v. *Guy,* 2 Ind. 82; *DeArmond* v. *Armstrong,* 37 Ind. 35; *Prosser* v. *Callis, supra.*

To the complaint in this case, the appellant filed three paragraphs of answer, but he withdrew the general denial, and the case went to trial upon the issues raised by the first and second paragraphs of answer.

The first paragraph contains a long recital of facts, some of which relate to the character, standing and reputation of the appellee, and may be regarded in mitigation, and some,

perhaps, as a plea that the publication was privileged, and some in the nature of a plea of the truth of the facts contained in the published article.

Among other averments in this paragraph are the following: "Said plaintiff, who is, and was then, a person utterly unresponsible in a financial way, without money and without influence," etc.

The question is raised by counsel for appellee as to whether the first paragraph of the answer was sufficient as a plea of justification in bar of the action, but the conclusion we have reached, as hereafter stated, renders it unnecessary to determine that question.

The second paragraph is as follows: "And the defendant, for a paragraph of answer in mitigation of damages in said action, says that the plaintiff is—in the counties of Jay and Randolph, in said State, and was when said article was published—a person whose character for morality, integrity and honest dealing was notoriously bad, and plaintiff could not be and was not injured or damaged by said alleged libel."

Complaint is made of the instructions given, and also of those refused.

The evidence is not in the record.

The rule is well settled that where the evidence is not in the record the judgment will not be reversed for refusing to give instructions. If the instructions refused state the law correctly, the Appellate Court will presume that they were properly refused as inapplicable to the case made by the evidence. *Sandford Tool, etc., Co. v. Mullen*, 1 Ind. App. 204 (210); *Shucks, Admr., v. Fillion*, 2 Ind. App. 262 (268).

This presumption can only be overcome by bringing the evidence before the court, or, in the absence thereof, by bringing sufficient of the record of the proceedings of the court below as will affirmatively show that an instruction so refused was applicable to the case made by the evidence.

It is also a well settled general rule that, when the evidence is not in the record, the judgment will not be reversed for the giving of instructions, unless they should be erroneous under any possible state of the evidence. *Shucks, Admr.,* v. *Fillion, supra.*

An effort, however, has been made to bring the question sought to be presented in this appeal within the exception of the general rule by the following recital in the bill of exceptions: "and that upon the trial the defendant introduced evidence in support of each of his pleas of justification and of the general bad character of the plaintiff."

Among the objections urged to the instructions are, that in the fourth the jury were told in substance that they should determine whether the article imputes a crime, and "if you shall conclude that the language used imputes to the plaintiff the commission of a crime, then the defendant, in order to defeat a recovery in this case, must prove the crime imputed beyond a reasonable doubt."

Also, objection is urged to the statement of the measure of damages in the fifth, which reads as follows: "If, however, you should find that the publication does not charge the plaintiff with a criminal offense, but is libelous, punitive damages may be recovered in this action."

The third instruction, against which the strongest argument is made, is as follows:

"All the allegations of the complaint, and all the allegations of the answer, and all the evidence in this case, except impeaching evidence, are directed to the sole question of the plaintiff's moral character, reputation, and standing as a citizen, and they have no other purpose in the case.

"If the plaintiff's moral character, reputation and standing at the time of this publication were good, he is entitled to recover in this case. If his moral character, reputation and standing were bad, he can recover nothing, no matter how maliciously done or what the motive and purpose of the defendant were in making the publication."

Counsel for appellant insist that the record shows that evidence was introduced in support of the truth of the alleged libelous matter, and that, as applied to the evidence, the third instruction was erroneous for the reason that it in effect withdrew the plea of justification from the jury.

Counsel for the appellee insist that the supposed point is not presented by the record.

Counsel for the appellee also insist that, when the instructions are considered as a whole, there is no ground for contention that there was error in the matter of instructions.

The rule is well settled in civil cases that the instructions must be taken and considered in the Appellate Court with reference to each other, and as an entirety, and when so considered, if they declare the law correctly, the judgment of the Court below will not be reversed simply because one of the instructions, standing alone and separate from the others, may seem to be imperfect, incomplete, or erroneous. *Anderson* v. *Anderson*, 128 Ind. 254 (258); *Craig* v. *Frazier*, 127 Ind. 286; *Louisville, etc., R. W. Co.* v. *Grantham*, 104 Ind. 353; *Town of Rushville* v. *Adams*, 107 Ind. 475; *Cline* v. *Lindsey*, 110 Ind. 337.

The rule is well established that the trial court is presumed to have given the jury correct instructions upon all the material points in the case, and where the court assumes to state what the facts are, or upon what questions or issues evidence has been introduced, the Appellate Court will presume, in the absence of a showing to the contrary, that such statements were made, for the reason that they were admitted by the parties or were fully established by uncontradicted evidence. Elliott's Appellate Procedure, section 722, and authorities cited.

The rule for bringing such questions before an appellate court, in the absence of the evidence, is thus stated by Judge Elliott in *Jones* v. *Foley*, 121 Ind. 180:

" Where purely legal questions are presented on instruc-
tions on the facts, or on rulings in admitting or excluding
evidence, it is not necessary to incorporate in the bill of
exceptions all the evidence given in·the case.   It is suffi-
cient in such a case to bring into the record, by a bill of
exceptions, the rulings, the motions, or proceedings on
which the rulings were founded, and so much of the evi-
dence as is necessary to fully show the nature and effect of
the rulings, accompanied by a statement of the judge show-
ing that there were facts, or that there was evidence, tending
to establish facts, making the rulings relevant and material."

As to what is required under this rule has been tersely
stated as follows :

"A statement that there was competent evidence mater-
ial to the point covered by the instructions tending to
support the theory of the party who excepts, and the state-
ment that there was evidence material to the point or
points covered by the instructions should be definite and
clear; it should not only show that there was competent
and material evidence, but it should show also that the evi-
dence tended to sustain the theory of the party."   Elliott's
.Appellate Procedure, section 193.

In this case no part of the evidence has been brought to
the attention of the Appellate Court.   The general state-
ment heretofore set out certifying that evidence was intro-
duced on the trial in support of each paragraph of answer,
without any statement as to the nature or character of the
evidence, or to what part of the first paragraph of the
answer such evidence applied, is not sufficient to overcome
the presumption raised by the express statement of the
court in the third instruction, that all of the evidence in-
troduced related to the character, reputation and standing
of the appellee.

In other words, it does not affirmatively appear in any
manner that evidence was introduced in support of the
truth of the matters alleged to be libelous.

The statements in the bill of exceptions and in the instructions are not necessarily in conflict with each other.

For aught that appears to the contrary, the evidence so introduced, as stated in the recital found in the bill of exceptions, may have been in support of that part of the first paragraph relating to the character, reputation, and standing of the appellee.

In any event, the statement contained in the bill of exceptions is not sufficient to present the question that the court erred in giving the third instruction.

It is not material to the present inquiry whether the instruction relative to punitive damages is correct under the decision in *Wabash Printing, etc., Co.* v. *Crumrine*, 123 Ind. 89, or not, for the reason that the verdict being for nominal damages only, it is evident no punitive damages were allowed, and, under any view, this instruction did not result to the detriment of appellant. The error, if any, was harmless. *Cassady* v. *Magher*, 85 Ind. 228; *Stockwell* v. *Brant*, 97 Ind. 474; *Ledford* v. *Ledford*, 95 Ind. 283; *Woods* v. *Board, etc.*, 128 Ind. 289.

If we are right in our conclusions relative to the third and fifth instructions, then there was no error in giving the fourth instruction, either as to the part quoted or to that part thereof to which reference only is made.

If the reference to the evidence in the third charge was correct—and the Appellate Court must presume it to have been, in the absence of an affirmative showing to the contrary—it was immaterial, under the evidence, whether the libelous article imputed or charged a crime or not, or how or by whom that question should be determined, and, likewise, it was immaterial as to the nature of the evidence required to support the plea of justification, for the reason there being no attempted justification under the evidence, the appellee was, in any event, entitled to recover, and it was a matter of indifference whether such justification, if properly pleaded, was required to be established by a

preponderance of the evidence or beyond a reasonable doubt.

No reversible error has been shown.

Judgment affirmed, at costs of appellant.

LOTZ, J., did not participate in the decision.

Filed January 19, 1893.