The Evansville Suburban and Newburgh Ry. Co. v. Lavender, Admx.

pellees against the assignment, we will treat the assignment as valid.

The only causes for a new trial named in the motion are that the verdict is contrary to the evidence and contrary to the law. We have examined the evidence, and find it conflicting. We must decline to weigh it.

The pleading filed by the receiver is in one paragraph. By its allegations, it purports to be an answer, a cross-complaint, and a counterclaim. It seems to be a counterclaim, judging it by its averments. As the court found against the said Stucky on his cross-complaint and in favor of appellant, it is not apparent how the appellant can predicate available error upon any ruling made in relation thereto.

No particular objection is made against the pleading under the third assignment. We have examined it and think it sufficient. It is at the least good as an argumentative denial.

Judgment affirmed, at costs of appellant.

REINHARD, J., took no part in this decision.

Ross, J., absent.

Filed Oct. 18, 1893.

———————◆———————

No. 917.

THE EVANSVILLE SUBURBAN AND NEWBURGH RAILWAY
    COMPANY v. LAVENDER, ADMINISTRATRIX OF THE
    ESTATE OF LAVENDER, DECEASED.

APPELLATE COURT PRACTICE.—*Transcript of Record.—Presumption.— Complaint.*—An appellate tribunal can not, and will not, indulge in any presumptions or inferences that what purports to be the complaint, attached to the transcript, was duly filed and acted upon in the court below, in the entire absence of any formula or preface at the beginning of the transcript.

SAME.—*Evidence not all in Record.—Effect on Action of Court.*—Where

The Evansville Suburban and Newburgh Ry. Co. *v.* Lavender, Admx.

the evidence is not all in the record, the court will not consider any question with reference to the sufficiency of the evidence or errors in relation to the admission or exclusion of evidence, nor will the court consider instructions given or refused, where an examination of the evidence is required.

ASSIGNMENT OF ERRORS.—*When not in Conformity with the Record.— Unavailable.*—Where an assignment of error is that "The Warrick Circuit Court erred in overruling the demurrer to the complaint," and the record does not show any such ruling by such court, but the ruling is shown to have been made by another court, there is no question presented by such assignment.

Opinion on petition for rehearing by DAVIS, J.

From the Warrick Circuit Court.

*A. Gilchrist* and *C. A. De Bruler*, for appellant.
*S. R. Hornbrook* and *J. S. Buchanan*, for appellee.

DAVIS, J.—In their brief filed in this court on the 9th day of September, 1892, counsel for appellee say:

"It may be proper to suggest, at this place, that very little, if any, of the transcript which has been filed constitutes a record before this court—if the complaint was ever filed it does not appear where and when—hence appellee asks that the court shall find that there is no proper record before it."

The brief in behalf of appellant was filed March 4th, 1892, and counsel for appellant, since the filing of appellee's brief, have made no response to the point relative to the defect in the transcript, raised by counsel for appellee.

The transcript filed in this court begins (without any preliminary or introductory preface or statement whatever) with what appears to be a copy of the complaint. This is followed by copies of entries and papers covering several pages, to which is attached a copy of a certificate of the clerk of the Vanderburgh Circuit Court, in which he certifies "that the foregoing is a full, true and complete copy of the orders of said court, made in said case,

The Evansville Suburban and Newburgh Ry. Co. *v.* Lavender, Admx.

as the same appears of record in my office." There is no certificate or statement anywhere in the record that the paper or complaint referred to, which forms the introductory part of the transcript, was ever filed in the office of the clerk of the Vanderburgh Circuit Court, or in any other office. No papers or copies of papers are referred to in the foregoing certificate of the clerk. Immediately following said certificate, there appears what purports to be a transcript of certain proceedings in the Warrick Circuit Court, but there is no statement therein that any complaint or transcript of proceedings in the Vanderburgh Circuit Court was ever filed in the office of the clerk of the Warrick Circuit Court. The beginning of the transcript of the proceedings in the Warrick Circuit Court, following the said certificate of the clerk of Vanderburgh Circuit Court, is an entry relating to the filing of a reply by plaintiff and the submission of the cause to a jury for trial. Then, in final conclusion of the transcript, the clerk of the Warrick Circuit Court certifies "that the above and foregoing transcript contains true and complete copies of all the papers and entries in said cause."

This court might, if permissible under the authorities and rules of practice, indulge the presumption or inference that the complaint was at some time filed in the office of the clerk of the Vanderburgh Circuit Court, and that afterwards it was transmitted with the transcript of the "orders of said court," to the clerk of the Warrick Circuit Court, and that the certificate of the clerk of the Warrick Circuit Court was intended to include the papers which were filed, and the proceedings which were had, in the Vanderburgh Circuit Court; then we could enter upon the consideration of the questions which counsel for appellant have sought to present, but there is absolutely

nothing in the record, except as indicated, tending to show that the complaint was ever filed in the office of the clerk of the Vanderburgh Circuit Court, or in any other office, or that it was transmitted to the clerk of Warrick Circuit Court.

In this connection it is proper to state that it does appear, from what we have said concerning the transcript of the record presented by appellant on this appeal, that certain proceedings were had on the action in the Vanderburgh Circuit Court, and that on the 11th day of December, 1890, "the defendant's demurrer to the plaintiff's complaint heretofore filed being submitted to the court, and the court being duly advised, now here overrules said demurrer, to which ruling of the court the defendant excepts," and that afterwards the venue of the cause was changed to the Warrick Circuit Court.

The errors assigned are:

"1. The Warrick court erred in overruling the demurrer to the complaint.

"2. Said court erred in overruling the motion for a new trial."

The transcript does not indicate, in any manner, that any demurrer was ever filed to the complaint, or ruled on, in the Warrick Circuit Court. In fact, with the exception of the reference to the demurrer "heretofore filed," and the statement afterwards made, "said demurrer is in the words and figures as follows," then setting out the demurrer, it is not shown that any demurrer was ever filed. We now return to the principal question under consideration.

This appears to have been an attempt to prosecute an appeal pursuant to the provisions of section 640, R. S. 1881, which provides, that "such appeals may be taken by procuring from the clerk of the court a transcript of the record and proceedings in the suit, or so much thereof

The Evansville Suburban and Newburgh Ry. Co. *v.* Lavender, Admx.

as is embraced in the appeal, and filing the same in the office of the clerk of the Supreme Court," etc.

Sections 649 and 650 are in relation to the preparation of the transcript and what it shall contain. The concluding part of section 649, *supra*, is as follows: "A transcript of the record in the cause, or so much thereof as the appellant, in writing, directs, certified and sealed, to which shall be appended the written directions of the appellant above contemplated, if any."

Section 650, *supra*, provides that "all proper entries made by the clerk, and all papers pertaining to a cause, and filed therein (except, etc.) are to be deemed parts of the record."

Section 186 of Elliott's Appellate Procedure is as follows:

"The transcript is the source from which appellate tribunals obtain their knowledge of the facts involved in the controversy between the parties before them, as well as the source from which they derive their knowledge of the questions upon which it is their duty to pronounce judgment. The reports contain many cases where parties acted as if they were ignorant of this principle, and this excuses the statement of a principle so plain as to scarcely excuse its expression in words. The courts have again and again adjudged that appeals are heard upon the record and by the record determined. The principle is often thus expressed, 'errors must be manifest on the face of the record.' It is the duty of the party who asks an appellate tribunal to reverse the judgment of a trial court to bring to the higher court 'a perfect record.' The record as embodied in a properly prepared and duly authenticated transcript imports absolute verity, and can not be aided, varied, or contradicted by extrinsic evidence. The record can not be contradicted by a plea in the appellate tribunal. For what is

done in the trial court the Supreme Court 'will look only to the transcript of its record.' If the transcript does not contain all that is essential to show error the appeal will fail, since errors will not be presumed to exist, and a radically imperfect transcript can not show error." See sections 198, 200, 201, 202.

The record must be complete in itself. Section 195.

The court will not act upon matters not properly in the record, if attention be directed to the infirmity in the transcript. Section 196; see *Bain* v. *Goss*, 123 Ind. 511.

The rule is well established that on appeal the appellate tribunal will indulge the presumption that there is no error in the proceedings and judgment of the trial court, and that it is incumbent on the appellant, before he can succeed, to bring before the court a transcript of the record, or some part thereof, which affirmatively shows that there is manifest error in some specific particular. *Martin* v. *Martin*, 74 Ind. 207.

In *Collins* v. *United States Express Co.*, 27 Ind. 11, the Supreme Court said: "But it does not contain a copy of the complaint, without which no question is presented by the record for the decision of this court. It was incumbent on the appellants to bring to this court a perfect record of the judgment and proceedings of the court below, on which errors could be assigned. The complaint forms a necessary part of the record of a cause, and the record before us contains ample evidence that a complaint was filed in the case, but it is omitted in the record filed by the appellants. In the absence of the complaint, the record filed fails to present any question for the decision of this court." See, also, *McCardle* v. *McGinley*, 86 Ind. 538 (541); *Fellenzer* v. *Van Valzah*, 95 Ind. 128.

The rule is well settled by the authorities that where the transcript is defective the appellate court may either

affirm the judgment or dismiss the appeal. *Allen* v. *Gavin, Admr.*, 130 Ind. 190.

In this case there has been no effort to appeal on "any question of law decided by the court during the progress of the cause" (section 630, R. S. 1881), or to prosecute the same on "so much thereof as is embraced in the appeal" (section 640, *supra*), or to bring before this court "so much thereof as the appellant, in writing, directs," section 649, *supra*. The effort has been to bring a "full and complete transcript." Buskirk's Practice, pages 81, 82, 83.

The rule in such case is that "the complaint, then, is a part of every record, and if it were necessary to procure a transcript of the whole of any record, in order to appeal, an appeal could not be taken unless the transcript embraced the complaint." *Heizer* v. *Kelly*, 73 Ind. 582 (584); *Seager* v. *Aughe*, 97 Ind. 285 (288).

As a matter of fact, we infer, or, rather, we may say we do not doubt, that the complaint which forms the introductory part of the transcript of the record before us, was filed in the office of the clerk of the Vanderburgh Circuit Court, and that the demurrer thereto was over-ruled by that court, and that the original complaint, the demurrer, and other papers were, in fact, when the venue of the cause was changed, transmitted with the transcript of the orders of said court to the clerk of the Warrick Circuit Court, and that the parties proceeded to trial thereon in that court, but this inference is only a presumption. The transcript is imperfect. Such imperfection can not be cured by indulging in inferences or presumptions in favor of appellant. The rights of the parties on this appeal must be "heard upon the record, and by the record determined." Appellant should have procured "a perfect record," for the reason that, so far as this court is concerned, "errors must be manifest on the

face of the record." Sections 186 and 189, Elliott's App. Proced.

If an exception was made in this case, we would violate the spirit, at least, of the rule long established by the Supreme Court and followed by this court, in an unbroken line of decisions, as the result of the application of which, it has been often decided that a bill of exceptions incorporated, bound and certified in a transcript of the record will not be considered as a part thereof unless it affirmatively appears in due form that such bill of exceptions has been duly filed, "by an independent record entry" (or its equivalent), and that it properly and rightfully forms a part of the transcript. Section 805, Elliott's App. Proced.

The principle referred to, by analogy, is ·applicable to the case in hand in this respect, namely, that an appellate court can not, and will not, indulge in any presumptions or inferences as to what purports to be the complaint, attached to the transcript, in manner and form, as in this case, was duly filed and acted upon in the court below, in the entire absence of any formula or preface at the head or beginning of the transcript. See Buskirk's Practice, p. 83.

If, however, we should hold that the transcript was not radically imperfect in any essential respect, and that we should enter upon an investigation of the merits. of the question sought to be presented by this appeal, we would then, under the authorities, be forced to the conclusion that the first error assigned, relative to the alleged overruling of the demurrer to the complaint in the "Warrick court," presents no question for our consideration as to the ruling on such demurrer in the Vanderburgh Circuit Court, and as there is nothing whatever in the transcript tending to indicate that any such demurrer was ever either filed in or overruled by the War-

rick Circuit Court, this assignment would not, even if the complaint was properly in the record, require any attention. The rule is that specific error relied on in an appellate court must be clearly assigned. Section 306, Elliott's App. Proced., note 2, and authorities there cited.

Counsel for appellee also say: "It does not appear that bills of exception were ever filed."

The transcript discloses that the verdict was returned on the 10th day of June, 1891. Judgment was rendered on the same day, and the record recites that "ninety days' time is given to file its bill of exceptions."

Then follows what purports to be a bill of exceptions, in which is incorporated a motion to suppress certain portions of depositions. It does not appear when this bill was filed.

Following this is an entry showing the filing of an appeal bond on the 13th of June, 1891, but the transcript was not filed in this court until January 6, 1892. So the appeal was not perfected pursuant thereto. Section 638, R. S. 1881.

The record of the proceedings, on June 10, 1891, recites that appellant "files its motion and reasons, in writing, for a new trial herein," which motion is not set out, but the record shows that it was overruled and judgment rendered, as before stated. Following the appeal bond, filed on June 13th, the motion for new trial is copied into the transcript.

Immediately following the conclusion of the motion for a new trial there appears the following entry: "And afterwards, on the 8th day of September, 1891, the following bill of exceptions was filed in the office of the clerk of the Warrick Circuit Court, to wit:"

Then follows bill of exceptions, in due form, contain-

ing the evidence, except as hereinafter stated, and also the instructions.

Whatever may be said of the record, in other respects, it sufficiently appears that the bill of exceptions was filed.

The bill recites: "And this was all the evidence given on the trial of this case."

Counsel for appellee, however, contend that "a mortgage referred to as having been read in evidence does not appear in the record, so that the record does not contain all the evidence."

An examination of the record shows that this position is well taken.

The only questions arising on the second error assigned, discussed by counsel, relate to the evidence and to instructions given and refused.

The rule has been long established, that, in such cases, where the evidence is not all in the record, the court will not consider any question in reference to the sufficiency of the evidence, or errors in relation to the admission or exclusion of evidence, nor will the court consider the instructions given or refused, where an examination of the evidence is required, except it appears that the omitted evidence was not necessary to fairly present the question sought to be raised. *Eichel* v. *Bower*, 2 Ind. App. 84; *Stout* v. *Turner*, 102 Ind. 418; *Jennings, Guar.*, v. *Durham*, 101 Ind. 391; section 824, Appellate Procedure (Elliott), and authorities cited in note four. *The Estate of Wells* v. *Wells*, 71 Ind. 509.

It is not necessary, as a rule in such cases, to bring all the evidence before the appellate court, but when the effort is made to present the questions for review on the theory that all the evidence is in the record, the bill of exceptions must clearly and affirmatively show that all the evidence given on the trial is incorporated therein.

*Shugart* v. *Miles*, 125 Ind. 445. See sections 193, 195, 863, Appellate Procedure (Elliott).

In fact, it is ordinarily preferable in many respects, if care is observed in preparing the record, to present the questions which arise in the trial court, for review in an appellate court, without incorporating the entire evidence in a bill of exceptions, which purpose can be accomplished in shorter form, with less expense, and to better advantage, by bringing before such appellate court, so much only of the record as may be necessary to show the adverse ruling, and that the exceptions have been properly and seasonably taken and well reserved. In such case, the record must show that there was competent and material evidence in relation to the matter which gave rise to the ruling and exception. In short, the transcript must contain all such matters as may be necessary to overcome the presumption which is indulged in favor of the proceedings and rulings of the trial court. In other words, the transcript of the record, or so much thereof as may be necessary to present the question, under the statute and rules of practice, must be complete in itself and must show error.

But when the theory of the appeal, as in this case, is to have such questions reviewed on a record in which the attempt has been made to incorporate all the evidence, the omission of any part of the evidence (however immaterial in fact it may have been, when such omission affirmatively appears on the face of the record without any explanation or statement therein in reference thereto) will be fatal to the appeal, so far as the same is predicated on any adverse ruling relating to the evidence or instructions, except as hereinbefore stated. *Patchell* v. *Jaqua*, 6 Ind. App. 70, 33 N. E. Rep. 132.

We have carefully examined the record, in the respects indicated, and would have been pleased to have been

The Evansville Suburban and Newburgh Ry. Co. *v.* Lavender, Admx.

able to investigate and decide the many interesting questions so fully and ably argued by learned counsel, but, if we are right on what we have heretofore said, it necessarily follows that no question as to the merits of the controversy is presented by the record for our consideration.

Judgment affirmed.

REINHARD, C. J., took no part in the decision of this case.

Filed May 10, 1893.

## ON PETITION FOR A REHEARING.

DAVIS, J.—It is earnestly contended, by counsel for appellant, that so much of the third instruction as refers to the usage by the public of the alleged highway for such length of time as has justified juries in other cases finding there was a dedication, was erroneous under any conceivable state of the evidence, and, therefore, that the petition for rehearing filed by appellant should be granted. It is not insisted that the substance of the instruction is erroneous.

When the instructions are considered together as an entirety, they correctly state the law, with the exception that it was not proper to say to the jury what length of time had authorized other juries in finding a dedication. The objectionable part of the instruction was a quotation from Greenleaf on Evidence, and as an abstract proposition correctly states the law.

If the reference to other juries had been omitted, we do not understand there would have been any objection to it. This reference, although manifestly improper, is not of such a character as necessarily to constitute reversible error. In this case, the record, as it comes to us, shows that it does not embrace all of the evidence, and we are not prepared to say that it embraces the complaint.

Therefore, such improper reference, when construed in the light of the instructions as a whole, should not, in our opinion, in view of the defective and imperfect condition of the record, for the reasons stated in the original opinion, be held to constitute such error as would require the reversal of the judgment of the court below.

Petition for rehearing overruled.

Filed Sept. 27, 1893.