## WASHINGTON POST CO. v. KELLY.
### No. 4816.

Court of Appeals of District of Columbia.

Submitted January 10, 1930. Decided February 4, 1930.

W. J. Lambert and R. H. Yeatman, both of Washington, D. C., for appellant.

L. H. David and V. H. Wallace, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment for the plaintiff (appellee here) in the Supreme Court of the District in an action for libel based upon the following article published in appellant's newspaper in the District of Columbia:

" 'Woman in Black' Held: Residence Here Denied.

" 'Jane Doe' Identified in New York as Former Governess to Wealthy Heiress. $5,-000 Bail Defaulted.

"New York, March 28.

" 'The woman in black,' arraigned today and held in default of $5,000 bail, to await hearing on charges of obtaining $93 from a Fifth Avenue shop by returning goods not purchased there, tonight was identified as Millicent Fay, former governess for Mrs.

Louise Wise Lewis, heiress to the $60,000,000 Henry M. Flagler fortune.

"On a passport obtained in New York, five years ago, she gave her name as Rosalie Cecelia Kelly, of Garrison, Md., and said that she was born August 13, 1895.

"Later, the police learned she apparently lived at 1341 East Capitol Street, Washington, as Rose C. Kelly.

"The 'woman in black' who said that the name 'Jane Doe' would do, when questioned by Magistrate Levine, was arrested Thursday night in her apartment, after police had traced a package through several nearby towns.

\* \* \* \* \* \*

"A woman who said she was Miss Rose C. Kelly, residing in the Norwood Apartment house at 1341 East Capitol Street, yesterday denied any knowledge of Millicent Fay, or Rosalie Cecelia Kelly, of Garrison, Md. Neither did she know Mrs. Louise Wise Lewis, she said.

"She had been bothered by reporters about the same kind of story last September, and had then declared her ignorance of any part of it. She could not explain how the name and address had come into the possession of the New York Police, she said.

"The woman who said she was Miss Rose Kelly said she had lived in the same apartment house for the last four years, and demanded the statement of the New York police not be published."

All the assignments of error necessary to be noticed, to quote from appellant's brief, "raise substantially the same questions, namely, whether or not the article complained of on its face shows that any part of it, which might be considered libelous, was published of and concerning plaintiff, or could be so understood by average readers of The Post."

For several years prior to the publication of this article, appellee, an unmarried woman, had lived at the Norwood apartment house, 1341 East Capitol street, Washington, D. C., with two of her unmarried sisters. She had been an employee of the Bureau of Engraving and Printing for many years, and had been in no way connected with the incident referred to in the article; all of which would have appeared had any real attempt been made to develop the truth.

In view of what follows, the caption of the article is significant: " 'Woman in Black' Held; Residence Here Denied." After stating that the woman in black had been

arraigned and held in default of $5,000 bail, to await hearing on charges of obtaining money through a fraudulent device, and that five years previously the woman had given her name as Rosalie Cecelia Kelly, the article continues: *"Later, the police learned she apparently lived at 1341 East Capitol Street, Washington, as Rose C. Kelly."* (Italics ours.) After stating that the "woman in black" had given an alias when questioned by the magistrate at the time of her arrest, the article continues: "A woman who *said* she was Miss Rose C. Kelly, residing in the Norwood Apartment house, at 1341 East Capitol Street, yesterday denied any knowledge of Millicent Fay, or Rosalie Cecelia Kelly, of Garrison, Md. Neither did she know Mrs. Louise Wise Lewis, *she said.* * * * *She could not explain how the name and address had come into the possession of the New York Police, she said.* The woman who *said* she was Miss Rose Kelly *said* she had lived in the same apartment house for the last four years, and demanded the statement of the New York police not be published." (Italics ours.)

The article must, of course, be read as a whole. And when so read, we think its obvious tendency was to convey to the public, or at least a substantial portion of the public, the impression that notwithstanding appellee denied any knowledge of the "woman in black" and her arrest in New York, there was a question whether she was telling the truth. In other words, the general purport of the article was to convey to the public the impression that appellee was the "woman in black." If that was not the intent and purpose of the writer of the article, it is difficult to perceive why it was published at all. Local readers of the paper would not be interested in the arrest of a woman in New York for obtaining a comparatively small sum of money through a fraudulent device unless the woman had some local connection. The writer of the article, knowing this, sought to give the article local color by creating the impression that appellee and the "woman in black" were one and the same person. The libelous character of the article was not changed by the somewhat equivocal suggestions that its truth was denied by appellee. Bishop v. Journal Newspaper Co., 168 Mass. 327, 47 N. E. 119; Doan v. Kelley, 121 Ind. 413, 23 N. E. 266.

In Peck v. Tribune Company, 214 U. S. 185, 29 S. Ct. 554, 555, 53 L. Ed. 960, 16 Ann. Cas. 1075, it was held that publication of the portrait of one person with statements thereunder as of another, by mistake, and without knowledge of whom the portrait really is, is not an excuse. Said the court: "A libel is harmful on its face. If a man sees fit to publish manifestly hurtful statements concerning an individual, without other justification than exists for an advertisement or a piece of news, the usual principles of tort will make him liable if the statements are false, or are true only of someone else." See also Washington Post Co. v. Kennedy, 55 App. D. C. 162, 3 F. (2d) 207, 41 A. L. R. 483.

Judgment affirmed with costs.

Affirmed.