PETTY, EXECUTRIX, ETC. *v.* FRIEL.

[No. 29,869. Filed May 24, 1960.]

*Robert E. Coats* and *Harry M. Stitle, Jr.,* both of Indianapolis, for appellant.

*John G. McNutt* and *Bernard Korbly,* both of Indianapolis, for appellee.

JACKSON, C. J.—This is an appeal from the Probate Court of Marion County, Indiana. On December 10, 1959, appellee filed her motion to dismiss appeal, which motion, in pertinent parts, reads as follows:

"The appellee, Mary C. Friel, respectfully moves that the Court dismiss the above entitled appeal to this Court, for each of the following reasons:

"1. On November 19, 1959, the appellant filed in the office of the Clerk of this Court a transcript and assignment of errors, in and by which assignment of errors, the appellant averred that there is manifest error in the interlocutory order and proceedings in the cause in the following particulars:

"(1) That the court erred in overruling appellant's Motion Requesting Overruling of Petition of Mary C. Friel, appellee;

"(2) That the court erred in granting the prayer of the Petition filed by Mary C. Friel, appellee; and,

"(3) That the court erred in ordering appellant to pay the sum of Five Hundred Dollars ($500.00) to appellee within thirty days together with interest from February 16, 1959. (Tr., pp. 1, 11. 12-22.)

"2. On November 30, 1959, said appellant filed herein her Appellant's Brief, in which, among other things, and under the hearing 'How the Issues Were Decided and What the Interlocutory Order Was' the appellant asserted that an interlocutory order was entered on October 21, 1959, as follows:

" 'Executrix motion requesting overruling of Petition of Mary C. Friel, overruled.

" 'Petition of Mary C. Friel granted Executrix directed to pay the claim of Mary C. Friel for $500.00 plus interest from February 16, 1959, same to be paid within thirty (30) days.' (Appellant's Brief, pp. 2 and 3.)

"3. That the Transcript does not show that a final judgment was rendered by the court below.

"4. That the Transcript does not show that an interlocutory order was made or entered by the court below.

"5. That the transcript does not show that the alleged interlocutory order that the appellant, in her brief, under the heading 'How the Issues Were Decided and What the Interlocutory Order Was,' states was entered October 21, 1959, [Appellant's Brief, pp. 2, 3] was entered by the court below, in the cause or proceedings below. The language quoted in the Appellant's Brief as being such interlocutory order appears in the Transcript on page 13, lines 9 to 14, under the caption 'Entry,' but the transcript does not show that any of the proceedings or actions recited in the 'Entry' were among the proceedings had in the cause below.

"6. That the alleged interlocutory order so set out in Appellant's Brief, and appearing on page 13 of the transcript is not an interlocutory order, in that it was not an order made before the final judgment, which was rendered by the Johnson Circuit Court of Johnson County, Indiana, against the estate of the appellant's decedent, on February 16, 1959, on a claim filed by the appellee against said estate, but was an order requiring the payment

by the appellant of said final judgment after it was rendered.

"7. That the Transcript does not show that an 'appellant's Motion Requesting Overruling of Petition of Mary C. Friel, appellee,' the overruling of which the appellee states was manifest error in specification 1 of her Assignment of Errors, was filed in the cause or proceedings below. A paper bearing the caption 'Motion Requesting Overruling of Petition of Mary C. Friel' is contained in the Transcript, and therein numbered as pages 11 and 12, but the Transcript does not recite or state that said paper was filed in the cause or proceedings below.

"8. The Transcript does not show that a petition by the appellee, Mary C. Friel, the granting of the prayer of which is claimed to be error by the appellant in the second assigned error of the appellant's Assignment of Errors, was filed by said Mary C. Friel in the cause or proceeding below. The Transcript shows that the only petition set out in the Transcript was filed by the Executrix. (Tr. p. 2, lines 1-12.)

"9. . . .

"10. That the transcript and assignment of errors were filed in this court on November 19, 1959, and appellant's brief was filed on November 30, 1959; that this court has jurisdiction to rule upon this motion.

"WHEREFORE, the appellee, Mary C. Friel, prays that the appeal of the appellant, Idelle M. Petty, as Executrix of the last will and testament of James L. Petty, deceased, be dismissed by this Court."

The appellant filed a transcript in the clerk's office of this court on November 19, 1959. We do not doubt that there was filed in the trial court the petition of Mary C. Friel to require the payment of the judgment rendered in the Johnson Circuit Court, nor the filing of appellant's Motion Requesting Overruling of the Petition of Mary C. Friel, nor do we doubt

that the court entered the order overruling such motion of appellant, but this inference is only a presumption. The transcript is imperfect.[1] Such imperfection cannot be cured by indulging in inferences or presumptions in favor of the appellant.

The transcript does not show that such an order as appellant sets out in her brief was entered by said Probate Court. It does not show that any order or judgment, interlocutory or final, was entered or rendered by said court. The transcript does not show that the things, actions or proceedings recited were among the proceedings had in the court below. "Apt words should precede the transcript of each record entry, showing when it was made." Ewbank's Manual of Practice (Second Edition) page 241, paragraph 116.

"Where papers appear in the transcript, they must be shown, in some appropriate manner, to have been filed." F. W. & H. Tr. & App. Pract. §2333, comment 7, p. 119. *The Evansville Suburban & Newburgh Ry. Co.* v. *Lavender, Admx.* (1893), 7 Ind. App. 655, 34 N. E. 109.

"It is only by the record that the judgments of a court can be known." *Gray* v. *Singer, Administrator* (1894), 137 Ind. 257, 258, 36 N. E. 209.

Section 186 of Elliott's Appellate Procedure is as follows:

"The transcript is the source from which appellate tribunals obtain their knowledge of the facts involved in the controversy between the parties before them, as well as the source from which they derive their knowledge of the questions upon which it is their duty to pronounce judgment. . . . The courts have again and again

1. See Buskirk's Practice, page 83 *et seq.*

adjudged that appeals are heard upon the record and by the record determined. The principle is often thus expressed, 'errors must be manifest on the face of the record.' It is the duty of the party who asks an appellate tribunal to reverse the judgment of a trial court to bring to the higher court 'a perfect record.' The record as embodied in a properly prepared and duly authenticated transcript imports absolute verity, and cannot be aided, varied, or contradicted by extrinsic evidence. The record cannot be contradicted by a plea in the appellate tribunal. For what is done in the trial court the Supreme Court 'will look only to the transcript of its record.' If the transcript does not contain all that is essential to show error the appeal will fail, since errors will not be presumed to exist, and a radically imperfect transcript cannot show error.

. . .

"The court will not act upon matters not properly in the record, if attention be directed to the infirmity in the transcript. . . . see *Bain* v. *Goss,* 123 Ind. 511.

. . .

"The rule is well settled by the authorities that where the transcript is defective the appellate court may either affirm the judgment or dismiss the appeal. *Allen* v. *Gavin, Admr.,* 130 Ind. 190." *The Evansville Suburban and Newburgh Ry. Co.* v. *Lavender, Admx.* (1893), 7 Ind. App. 655, 659, 660, 661, 34 N. E. 109.

The transcript here being defective, and our attention having been directed to the infirmity in the transcript, appellee's motion to dismiss the appeal is well taken, should be and hereby is sustained.

Appeal dismissed at cost of appellant.

Bobbitt, J., concurs.

Landis, Achor and Arterburn, JJ., concur in result.

NOTE.—Reported in 167 N. E. 2d 345.